IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-946-D |
| ) | |
| LEGACY BANK, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 21]. Plaintiff filed a response [Doc. No. 22], to which Defendant replied [Doc. No. 23]. Plaintiff filed an unauthorized reply to Defendant's reply [Doc. No. 24]. The Court will not consider Plaintiff's reply because he did not seek leave to file a sur-reply under LCvR 7.1(i).

**BACKGROUND**

This case concerns Defendant Legacy Bank's denial of a loan application submitted by *pro se* Plaintiff Marquise Miller. Plaintiff is an African American pastor in Oklahoma City. On October 14, 2015, Plaintiff applied for a loan from Defendant to remodel one of his properties; the next day, Chris Farris, a vice president at Legacy Bank, told Plaintiff the crime rate in the area of the property was too high for Legacy to make a loan. Plaintiff then asked Farris where he found the statistics showing the crime rate in the area of the property; Farris told him that there were several places to access the data and that an easy way to find it was on Trulia, an online real estate marketplace. [Doc. No. 20, Am. Compl. at ¶ 37]. Defendant ultimately denied Plaintiff's application on October 19, 2015. Farris told

Plaintiff the bank's lending committee declined to approve the loan based on the "location of the property, scope of rehabilitation of the property, crime rate in the area, vacancy/abandonment of properties in the surrounding area, and real estate market in the area." [*Id.* at ¶ 42].

Plaintiff asserts Defendant denied his loan application because he is African American and because the property is located in a predominately Black neighborhood. Plaintiff brings claims against Defendants under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* (ECOA), the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (FHA), and 42 U.S.C. §§ 1981 and 1982.

Plaintiff filed his initial complaint on September 18, 2020. [Doc. No. 1]. He later sought leave to file an amended complaint, which the Court granted. *See* Order [Doc. No. 19]. Plaintiff filed an Amended Complaint [Doc. No. 20], and Defendant filed the instant motion to dismiss [Doc. No. 21]. Defendant contends that most of Plaintiff's claims are time-barred and that Plaintiff otherwise fails to state a claim upon which relief can be granted. The Court looks to the allegations contained in Plaintiff's amended complaint to determine whether he adequately states any claim against Defendant.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court will accept as true all well-pled

factual allegations and construe them in the light most favorable to Plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

Defendant seeks dismissal of Plaintiff's FHA, § 1981, and § 1982 claims on statute of limitations grounds. Each claim is subject to a two-year limitation period. Statute of limitations issues may be resolved on a motion to dismiss but only where "the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v.*

3

*McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Plaintiff alleges that Defendant denied Plaintiff's loan application on October 19, 2015. [Doc. No. 20, Am. Compl. at ¶ 42]. Plaintiff filed this action on September 18, 2020.

Actions brought under the FHA are subject to a two-year statute limitations under 42 U.S.C. § 3613(1)(A). Further, the two-year statute of limitations provided in OKLA. STAT. tit 12, § 95(A)(3) applies to Plaintiff's §§ 1981 and 1982 claims. *Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1532, n.12 (10th Cir. 1995); *Scheerer v. Rose State Coll.*, 950 F.2d 661, 664–65 (10th Cir. 1991).

Because §§ 1981 and 1982 do not provide limitations periods, federal courts apply the personal injury statutes of limitations of the forum state. *Scheerer*, 950 F.2d at 664–65. Under *Jones v. R.R. Donnelley & Sons Co.*, the forum state limitation period applies to any § 1981 claim arising under the original terms of § 1981. 541 U.S. 369, 381–82 (2004). If the claim arises under the post-1990 amendments to § 1981, which expanded the section's application to post-contract-formation conduct, a different limitation period applies. *Id.* Plaintiff asserts that he was denied a loan because of his race; he alleges that Defendant discriminated against him with respect to the making of a contract. Accordingly, his § 1981 claim arises under the original terms of the statute, not its post-1990 amendments. The two-year statute of limitation in OKLA. STAT. tit 12, § 95(A)(3) thus applies to Plaintiff's § 1981 claim. *See id.* It also applies to his § 1982 claim. *Scheerer*, 950 F.2d at 664–65.

In his response brief, Plaintiff requested leave to further amend his complaint to add allegations regarding the tolling of the applicable statutes of limitations for his claims. He made an identical request in his response to Defendant's first motion to dismiss. [Doc. No.

4

11 at p. 10]. Upon a later motion for leave to file an amended complaint, the Court granted Plaintiff leave to amend. He filed an amended complaint, but he failed to add any allegation regarding the tolling of any limitations period.

"A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir.2005)). The Court may also deny leave when "a plaintiff fails to file a written motion and instead merely suggests she should be allowed to amend if the court concludes her pleadings are infirm." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010)) (alterations omitted). Because Plaintiff failed to cure the deficiency in his allegations after the Court granted him leave to amend and because he merely suggested he should be granted leave to further amend in his response brief, the Court declines to grant Plaintiff leave to further amend his complaint to add allegations regarding the tolling of any limitations period.

Therefore, since he did not bring this suit within two years of the denial of his loan application Plaintiff's FHA, § 1981, and § 1982 claims are time-barred. Plaintiff's remaining ECOA claim is subject to a five-year limitations period under 15 U.S.C. § 1691e(f); it was thus timely filed. Defendant asserts that Plaintiff nevertheless fails to state an ECOA claim upon which relief can be granted.

The ECOA prohibits banks from discriminating against loan applicants "on the basis of race." 15 U.S.C. § 1691(a)(1). To establish a prima facie case for his ECOA claim, Plaintiff must plead factual allegations showing (1) he is a member of a protected class; (2) he applied for a loan from Legacy; (3) the loan application was rejected despite Plaintiff's qualifications; and (4) the bank continued to approve loans for applicants with qualifications similar to Plaintiff's. *See Matthiesen v. Banc One Mortg. Corp.*, 173 F.3d 1242, 1246 (10th Cir. 1999); *see also Duran v. Cmty. First Bankshares, Inc.*, 92 F. App'x 756, 761 (10th Cir. 2004) (unpublished) (affirming entry of summary judgment in favor of bank on an ECOA claim, in part, because the plaintiff "offer[ed] no evidence of individuals with similar economic qualifications who received similar loans" from the defendant). Defendant contends Plaintiff failed to plausibly plead that he qualified for the loan or that it continued to approve loans for applicants with similar qualifications to his. The Court agrees.

Plaintiff's well-pleaded allegations do not show he was qualified for the loan. Plaintiff does not allege any of the details of the loan he sought; most importantly, he offered no allegations regarding the amount or term of the loan. Instead, he alleges a different bank approved an application "for the same loan." [Doc. No. 20, Am. Compl. at ¶ 20]. Plaintiff attached to his amended complaint the loan proposal from Arvest Bank, which shows the bank's proposed amount and terms. *Id.*, ex. 1. Plaintiff also alleges that he had at least $100,604.75 cash on deposit with Defendant when it denied his loan application. [Doc. No. 20, Am. Compl. at ¶ 23].

Although the later approval of a loan application by another bank might be relevant if the application were sufficiently similar to the one denied by Defendant and the banks had similar lending criteria, Plaintiff offers nothing but conclusory allegations on the similarity of the two loan applications. He merely alleges the two applications were for the same loan. Since he has not provided any details of the loan application denied by Defendant, facts relating to a subsequent loan from a different bank do not establish he was qualified for the loan he sought from Defendant. And without showing how much he sought to borrow from Defendant, the cash deposits in Plaintiff's bank account do not establish that he was qualified for the loan either. Therefore, Plaintiff has not alleged sufficient facts tending to show he was qualified for the loan from Defendant, and thus he has not asserted a plausible claim.

Further, Plaintiff has not provided sufficient factual allegations that Defendant continued to approve loans for applicants with economic qualifications similar to his. The amended complaint alleges, in conclusory fashion, that Plaintiff "was subjected to a stricter level of scrutiny than his similarly situated white applicants." [Doc. No. 20, Am. Compl. at ¶ 34]. It further alleges that Defendant "was found to approve much higher-than-normal white applicants compared to similarly situated individuals of a minority skin color." *Id.* at ¶ 64. Beyond these conclusory assertions, Plaintiff offers no specific factual allegation showing individuals with similar qualifications received similar loans from Defendant. He, therefore, has not stated an EOCA claim for which relief can be granted.

## CONCLUSION

For the foregoing reasons, the instant Motion [Doc. No. 21] is **GRANTED**. Plaintiff's FHA, § 1981, and § 1982 claims are **DISMISSED WITH PREJUDICE**. Plaintiff's ECOA claim is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.[1] Plaintiff, within twenty-one (21) days of this Order, may file a second amended complaint. If Plaintiff fails to file a second amended complaint within the time allowed, his action will be dismissed with prejudice, and a judgment of dismissal will be entered.

**IT IS SO ORDERED** this 3rd day of November, 2021.

_[signature]_
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Ordinarily, the dismissal of a *pro se* claim under Rule 12(b)(6) should be without prejudice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).