IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-946-D |
| ) | |
| LEGACY BANK, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is *pro se* Plaintiff Marquise Miller's Motion for Reconsideration [Doc. No. 26]. Defendant Legacy Bank filed a response. [Doc. No. 28]. Plaintiff seeks relief from the Court's November 3, 2021 Order granting Defendant's motion to dismiss [Doc. No. 25]. In the November 3, 2021 Order, the Court dismissed all of Plaintiff's claims, but the Court granted Plaintiff leave to amend his claim under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* (ECOA). The Court dismissed Plaintiff's claims under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (FHA) and 42 U.S.C. §§ 1981 and 1982 with prejudice because they were time-barred. Plaintiff now asks that the Court reconsider its Order so that he can cure defects in his time-barred claims

Plaintiff filed his motion under Fed. R. Civ. P. 60(b)(6), but that rule applies only to final judgments. Motions to reconsider are "not formally recognized by the Federal Rules of Civil Procedure." *Christ Ctr. of Divine Philosophy, Inc. v. Elam*, No. CIV-16-65-D, 2018 WL 1770491, at *1 (W.D. Okla. Apr. 12, 2018). But they "are routinely entertained, in one form or another, by federal courts." *Id.* The standard for reconsideration

is clear: "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012; *see United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

In the instant motion, Plaintiff seeks leave to amend his complaint, apparently to add allegations regarding the tolling of the applicable limitations periods for his time-barred claims. He also suggests a four-year statute of limitations period applies to his § 1981 and § 1982 claims.

Before dismissing the FHA and § 1981 and § 1982 claims, the Court granted Plaintiff leave to amend his complaint. *See* Order [Doc. No. 19]. Plaintiff's Amended Complaint contained no additional allegations regarding the tolling of any limitations period. Further, as explained in the Court's November 3, 2021 Order, Plaintiff's argument that four-year limitations periods apply to his § 1981 and § 1982 claims is incorrect. But even if a four-year statute of limitations applied, his claims would be time-barred. He filed

them nearly five years after his loan was denied.[1] The instant motion thus does not provide any grounds to reconsider the November 3, 2021 Order.

Plaintiff's motion does not include an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. Instead, it merely reargues issues already decided. Thus, Plaintiff's motion to reconsider is **DENIED**.

**IT IS SO ORDERED** this 10th day of December, 2021.

*(signature)*

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Plaintiff alleges that Defendant denied Plaintiff's loan application on October 19, 2015. [Doc. No. 20, Am. Compl. at ¶ 42]. Plaintiff filed this action on September 18, 2020.