IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-20-946-D |
| LEGACY BANK, | ) ) |
| Defendant. | ) ) |

**ORDER**

Before the court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 29]. Plaintiff filed a response [Doc. No. 31], to which Defendant replied [Doc. No. 32].[1]

**BACKGROUND**

This case concerns Defendant Legacy Bank's denial of a loan application submitted by *pro se* Plaintiff Marquise Miller.[2] Plaintiff is an African American pastor in Oklahoma City. On October 14, 2015, Plaintiff applied for a loan from Defendant to remodel one of his properties. Plaintiff alleges he sought "$80,000.00 from Legacy Bank for a loan with a maturity date of 10 years with a 6.5 interest rate." Sec. Am. Compl. [Doc. No. 27] at ¶ 38.

---

[1] Plaintiff also filed a motion for leave to file a sur-reply [Doc. No. 33] and a motion to file a third amended complaint [Doc. No. 35]. The Court finds that a sur-reply is unnecessary and that Plaintiff's proposed amendments to the second amended complaint are, in light of this Order, unnecessary. Therefore, the Court **DENIES** those motions.

[2] Where, as here, a party is proceeding *pro se*, the Court is to liberally construe his pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

The day after submitting his application, Chris Farris, a vice president at Legacy Bank, told Plaintiff the crime rate in the area of the property was too high for Legacy to make a loan. Plaintiff then asked Farris where he found the statistics showing the crime rate in the area of the property; Farris told him that there were several places to access the data and that an easy way to find it was on Trulia, an online real estate marketplace. *Id.* at ¶ 127. Defendant ultimately denied Plaintiff's application on October 19, 2015. Farris told Plaintiff the bank's lending committee declined to approve the loan based on the "location [of the property], scope of rehabilitation of the property, crime rate in the area, vacancy/abandonment of properties in the surrounding area, and real estate market in the area." *Id.* at ¶ 117. Plaintiff, later, was approved by Arvest Bank for a loan identical to the loan he sought from Defendant.

Plaintiff asserts Defendant denied his loan application because he is African American and because the property is located in a predominately Black neighborhood. Plaintiff brings claims against Defendant under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* (ECOA), the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (FHA), and 42 U.S.C. §§ 1981 and 1982.

Plaintiff filed his initial complaint on September 18, 2020. [Doc. No. 1]. He later sought leave to file an amended complaint, which the Court granted. *See* Order [Doc. No. 19]. Plaintiff filed an Amended Complaint [Doc. No. 20], and Defendant filed its first motion to dismiss [Doc. No. 21]. The Court granted that motion, finding Defendant's FHA, § 1981, and § 1982 claims were time-barred. Order [Doc. No. 25]. The Court also dismissed without prejudice Plaintiff's ECOA claim, granting him leave to amend his complaint for

2

a second time. *Id.* Plaintiff, then, filed his Second Amended Complaint [Doc. No. 27]; he also filed a motion to reconsider the dismissal of his time-barred claims [Doc. No. 28]. The Court denied that motion. Order [Doc. No. 30].

The Second Amended Complaint, however, includes Plaintiff's time-barred claims under the FHA, § 1981, and § 1982. By his motion to reconsider, Plaintiff sought leave to reassert these claims. But the Court denied that motion. These claims have been dismissed with prejudice, and Plaintiff offers no explanation for why they can, now, be reasserted. The only other claim stated, and the only claim properly asserted, in the Second Amended Complaint is Plaintiff's ECOA claim.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court will accept as true all well-pleaded factual allegations and construe them in the light most favorable to Plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

The ECOA prohibits banks from discriminating against loan applicants "on the basis of race." 15 U.S.C. § 1691(a)(1). To establish a prima facie case for his ECOA claim, Plaintiff must show (1) he is a member of a protected class; (2) he applied for a loan from Legacy; (3) the loan application was rejected despite Plaintiff's qualifications; and (4) the bank continued to approve loans for applicants with qualifications similar to Plaintiff's. *See Matthiesen v. Banc One Mortg. Corp.*, 173 F.3d 1242, 1246 (10th Cir. 1999); *see also Duran v. Cmty. First Bankshares, Inc.*, 92 F. App'x 756, 761 (10th Cir. 2004) (unpublished) (affirming entry of summary judgment in favor of bank on an ECOA claim, in part, because the plaintiff "offer[ed] no evidence of individuals with similar economic qualifications who received similar loans" from the defendant).

Upon consideration of the factual allegations of the Second Amended Complaint, the Court finds them to be minimally sufficient to state a plausible claim that Plaintiff was

4

denied the loan despite his qualifications because of his race. Defendant explained to Plaintiff that it denied the loan application due, in part, to the location of the property, including the area's crime rate and number of vacant or abandoned properties. Plaintiff alleges that four other banks were willing to approve loans in the area of the property. Further, Plaintiff offers several factual allegations plausibly showing he was qualified for the loan Defendant declined to extend him. He alleges that, at the time Defendant denied his loan application, his credit score was over 700, his income was over $100,000, and his debt to credit ratio was below 25%. Sec. Am. Compl. [Doc. No. 27] at ¶¶ 29, 31–33. Plaintiff asserts these qualifications were sufficient according to Defendant's lending requirements.

Defendant's main contention regarding Plaintiff's qualifications concerns the collateral Plaintiff offered for the proposed loan. Plaintiff owns three properties relevant to this dispute. He applied for the loan to renovate one property, and he mentions in his Second Amended Complaint two other properties he owns. These other properties are relevant because Plaintiff asserts he offered them as collateral for the proposed loan. *Id.* at ¶ 79. Defendant argues Plaintiff offered only the property under renovation, but not the other two properties, as collateral. At this stage of the proceedings, however, the Court must accept as true Plaintiff's allegation that he offered these other properties as collateral.

Plaintiff, further, asserts individuals with similar qualifications received loans from Defendant. He specifically identifies three loans made by Defendant to non-minority applicants with credit scores, income, debt to income ratios, and collateral similar to his. Plaintiff alleges Defendant required him to "use more than $40,000 of his own cash to

secure" the $80,000 loan, a condition not required these non-minority applicants. *Id.* at 85, 87–90. Plaintiff also alleges Arvest Bank approved him for a loan with terms identical to those requested in the application rejected by Defendant. "Arvest made the loan for approximately $80,000.00 with a maturity date of ten (10) years at a 6.5 interest rate." *Id.* at ¶ 66. The Arvest Bank loan is supported by collateral, the two other properties Plaintiff alleges he included in his loan application denied by Defendant. Plaintiff asserts that Defendant and Arvest Bank have substantially similar lending criteria, specifically regarding applicants' credit scores, debt to income ratios, and loan to value ratios. *Id.* ¶¶ 169–72.

Treating the factual allegations of the Second Amended Complaint as true and construing those allegations in the light most favorable to Plaintiff, the Court concludes the facts are minimally sufficient to state a plausible claim that Defendant denied Plaintiff's loan application despite his qualifications because of his race. Therefore, Plaintiff's ECOA claim should not be dismissed.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 29] is **DENIED**.

**IT IS SO ORDERED** this 2nd day of June, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge