IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-946-D |
| | ) |
| LEGACY BANK, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Before the Court are thirteen discovery-related motions filed by the parties in this matter. The motions at issue are further described as follows:

1. Plaintiff's Motion to Quash Subpoena Issued to Arvest Bank [Doc. No. 42], filed on June 24, 2022.

2. Plaintiff's Motion to Compel Discovery of Defendant [Doc. No. 54], filed on August 9, 2022.

3. Plaintiff's Motion to Compel Second Set of Discovery Responses from Defendant [Doc. No. 58], filed on August 23, 2022.

4. Defendant's Motion to Compel [Doc. No. 61], filed on September 1, 2022.

5. Plaintiff's Motion to Quash Subpoena Issued to Dewitt, Paruolo & Meek [Doc. No. 73], filed on September 23, 2022.

6. Plaintiff's Motion to Quash Subpoena Issued to Wonderfully Made [Doc. No. 74], filed on September 23, 2022.

7. Plaintiff's Motion to Quash Subpoena Issued to Dekoven Riggins [Doc. No. 75], filed on September 23, 2022.

8. Plaintiff's Motion to Quash Subpoena Issued to Richard Osei [Doc. No. 76], filed on September 23, 2022.

9. Plaintiff's Motion to Compel Compliance of Oklahoma State Banking Department

      Regarding Subpoena Duces Tecum [Doc. No. 77], filed on September 28, 2022.

10. Defendant's Motion to Modify Subpoena Duces Tecum to Oklahoma Banking Department [Doc. No. 79], filed on October 3, 2022.

11. Defendant's Second Motion to Compel [Doc. No. 90], filed on October 27, 2022.

12. Plaintiff's Motion to Compel Third Set of Discovery Requests [Doc. No. 100], filed on November 16, 2022.

13. Plaintiff's Motion to Compel Fourth Set of Discovery Requests [Doc. No. 99], filed on November 16, 2022.

## DISCUSSION

It is well-established that the trial court is entrusted to control discovery in its sound discretion. *See Punt v. Kelly Servs.*, 862 F.3d 1040, 1048 (10th Cir. 2017). Further, Fed. R. Civ. P. 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Each discovery-related motion at issue centers on discovery that was sought prior to the parties' Fed. R. Civ. P. 26(f) discovery planning conference, which was held on September 27, 2022. Under Fed. R. Civ. P. 26(d)(1), parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" subject to limited exceptions. In that none of the exceptions in this rule apply to the circumstances of this case, the discovery requests at issue fall within the prohibition of Rule 26(d)(1) and were, therefore, premature.

In addition to being premature, the Court is unable to conclude that the parties have complied with LCvR37.1, which requires the parties to "have met and conferred in good faith." The Court will hear a motion or objection related to discovery only if the parties are

"unable to reach an accord" after "a sincere attempt to resolve differences." LCvR37.1.

Although the parties apparently met in person prior to filing the instant motions, the record in this case does not reflect that the conferrals have been in "good faith" with "a sincere attempt to resolve differences." *See, e.g.,* Pl.'s Mot. to Compel [Doc. No. 58] (describing the meet and confer as "a complete waste of time"); Pl.'s Mot. to Quash [Doc. No. 73] (noting that the meet and confers "consist of misrepresentations and mischaracterizations of obvious facts and case law"); Pl.'s Mot. to Quash [Doc. No. 74] (stating that "[t]he meet and confers continue to be very unproductive because [o]pposing [c]ounsel refuses to listen to obvious facts and binding law . . . [and] continues to mischaracterize the law and procedures thereof"). Pl.'s Mot. to Quash [Doc. No. 75] (same); Pl.'s Mot. to Quash [Doc. No. 76] (same); Pl.'s Mot. to Compel [Doc. No. 99] (claiming that the meet and confers "continue to be a complete waste of time"); Pl.'s Mot. to Compel [Doc. No. 100] (again stating that "[t]he meetings continue to waste [Plaintiff's] time").

As noted, the parties have filed thirteen discovery motions in this matter which, in a case of this type, is excessive.[1]  Because it does not appear that the parties have met and conferred in good faith and sincerely attempted to resolve their differences, the Court shall refuse to hear the above-described motions for lack of compliance with LCvR37.1. Additionally, the discovery requests at issue fall within the prohibition of Rule 26(d)(1). For these reasons, each of the above-described motions must be **DENIED.**

---

[1] This number does not include Plaintiff's Motion to Disqualify Opposing Counsel, which also involved discovery-related issues. *See* [Doc. No. 46].

To ensure a timely resolution of any discovery-related issues without court intervention moving forward, the Court reminds the parties that Rule 26(b)(1) sets forth the scope of discovery and provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under this standard, "relevance" has been <u>broadly</u> construed to include "'any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

In the event that the parties—after conferring in good faith and sincerely attempting to resolve their differences without court intervention—are unable to reach a resolution and deem a discovery-related motion necessary, the motion shall set out any outstanding discovery issues in accordance with LCvR7.1(e).

The Court acknowledges that, because Plaintiff appears *pro se*, the Court must liberally construe his pleadings and arguments. However, the Court cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although Plaintiff appears *pro se*, he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, the Court cautions both parties that failure to strictly adhere to proper discovery procedures, and the needless filing of excessive and/or ill-conceived discovery motions, may result in the imposition of sanctions, to include an award of attorney fees against an offending party.

**IT IS THEREFORE ORDERED** that each of the discovery-related motions described herein are **DENIED** for the reasons set forth above.

**IT IS FURTHER ORDERED** that, prior to seeking court intervention on any discovery-related issues, the parties must confer, in-person and in good faith, and sincerely attempt to resolve their differences in accordance with LCvR37.1.

**IT IS SO ORDERED** this 18th day of November, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge