IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARQUISE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-946-D |
| | ) | |
| LEGACY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Plaintiff Marquise Miller's Motion to Strike Numbered Paragraph 98 of Second Amended Complaint. [Doc. No. 103]. In his motion, Plaintiff represents that this paragraph "is immaterial and unimportant to [his] claims," and requests that it be stricken. In its response, Defendant Legacy bank notes that it "consents to striking Paragraph 98 of Plaintiff's Second Amended Complaint." *See* [Doc. No. 107]. Upon consideration, Plaintiff's request is **GRANTED.**

Federal Rule of Civil Procedure 12(f) provides, in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of the rule is "to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997). A district court's ruling on a motion to strike is reviewed for abuse of discretion. *See Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003) (unpublished). Based on the representations of the parties, Paragraph 98 of Plaintiff's complaint is immaterial and

should therefore be stricken.

**IT IS THEREFORE ORDERED** that Paragraph 98 of Plaintiff's Second Amended Complaint [Doc. No. 27] is **STRICKEN.**

**IT IS SO ORDERED** this 13th day of January, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge