IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-946-D |
| | ) |
| LEGACY BANK, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff Marquise Miller's Motion for Summary Judgment [Doc. No. 104]. Defendant Legacy Bank timely responded [Doc. No. 107], and Plaintiff replied [Doc. No. 109].[1] The matter is fully briefed and at issue.

*Background*

This case concerns Defendant Legacy Bank's denial of a loan application submitted by *pro se* Plaintiff Marquise Miller. Plaintiff is an African American pastor in Oklahoma City. On October 14, 2015, Plaintiff applied for a loan from Defendant to remodel one of his properties. Plaintiff alleges that he sought "$80,000.00 from Legacy Bank for a loan with a maturity date of 10 years with a 6.5 interest rate." Sec. Am. Compl. [Doc. No. 27] at ¶ 38. Defendant ultimately denied Plaintiff's application. Plaintiff asserts that Defendant denied his loan application because he is African American and because the

---

[1] Plaintiff submitted a separate motion requesting that the Court strike Defendant's response. *See* [Doc. No. 110]. In his motion, Plaintiff argues Defendant failed to timely effectuate service upon him in violation of local rules, and accordingly, asks the Court to strike Defendant's response. Upon review, the Court finds that Plaintiff's motion is not well-founded and must be **DENIED.**

property is located in a predominantly Black neighborhood.

Initially, Plaintiff brought claims against Defendant under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. (ECOA), the Fair Housing Act, 42 U.S.C. § 3601 et seq. (FHA), and 42 U.S.C. §§ 1981 and 1982. *See* Compl. [Doc. No. 1]. Plaintiff's FHA, § 1981, and § 1982 claims were subsequently dismissed after the Court determined that they were time-barred. *See* 11/3/2021 Order [Doc. No. 25]. Now, Plaintiff seeks summary judgment with respect to his only remaining claim, the ECOA claim.

### *Discussion*

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To be entitled to consideration on summary judgment, the material supporting the facts set forth by the parties must be such as would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2).

Plaintiff argues that he is entitled to judgment as a matter of law and asks the Court to award him damages in the amount of $62.3 million. His legal arguments are based on twenty-two facts articulated in his motion. Of these twenty-two facts, only three are "followed by citation, with particularity, to . . . evidentiary material that [Plaintiff] presents in support of [his] position pursuant to Fed. R. Civ. P. 56(c)." LCvR56.1(d).[2]

---

[2] *See* Pl.'s Mot. for Summ. J. at 6-7, Fact Nos. 7, 12, 13.

On the current record, the Court is unable to appropriately consider whether there is "no genuine issue of material fact" entitling Plaintiff to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Notably, the discovery deadline in this matter is July 6, 2023. Although a court may grant summary judgment prior to the close of discovery, "discovery is strongly favored before summary judgment is granted." *Bryant v. O'Connor*, 848 F.2d 1064, 1068 (10th Cir. 1988); *see also Celotex Corp.*, 477 U.S. at 322 (noting that courts should rule on summary judgment motions "after adequate time for discovery"). Because several factual disputes concerning Plaintiff's theory of the case require resolution, granting summary judgment at the current juncture is premature. Accordingly, Plaintiff's motion must be **DENIED.**

*Conclusion*

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. No. 104] is **DENIED.** This denial is without prejudice to resubmission of a motion with proper evidentiary support after further factual development and continued discovery. *See* Fed. R. Civ. P. 56(e)(4).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Take Judicial Notice of Adjudicative Facts [Doc. No. 117] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Response to Motion for Summary Judgment [Doc. No. 110] is **DENIED.**

**IT IS SO ORDERED** this 20th day of January, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

4