# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

MARQUISE MILLER,          )
                          )
      Plaintiff,           )
                          )
v.                        )          Case No. CIV-20-946-D
                          )
LEGACY BANK,              )
                          )
      Defendant.          )

## ORDER

Before the Court are two motions to compel filed by Plaintiff Marquise Miller. *See* [Doc. Nos. 114, 147]. Defendant responded to each motion [Doc. Nos. 130, 163], and Plaintiff replied [Doc. Nos. 139, 167]. The matters are fully briefed and at issue.

## *Background*

This case concerns Defendant Legacy Bank's denial of a loan application submitted by *pro se* Plaintiff Marquise Miller.[1] Plaintiff, an African American pastor in Oklahoma City, applied for an $80,000 loan from Defendant to remodel his property located at 2110 N. Lottie Avenue in 2015. Defendant ultimately denied Plaintiff's application based on the "location [of the property], scope of rehabilitation of the property, crime rate in the area, vacancy/abandonment of properties in the surrounding area, and real estate market in the

---

[1] Where, as here, a party is proceeding *pro se*, the Court is to liberally construe his filings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (*quoting Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Although Plaintiff appears *pro se*, he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

area." Sec. Am. Compl. [Doc. No. 27], ¶ 117. Plaintiff asserts that Defendant denied his loan application because he is African American and because the property is located in a predominately Black neighborhood. After Defendant denied his loan application, Plaintiff sought and obtained an identical loan from Arvest Bank.

In recent months, the parties have filed numerous motions concerning discovery-related disputes. In an order denying thirteen such motions, the Court cautioned both parties that "failure to strictly adhere to proper discovery procedures, and the needless filing of excessive and/or ill-conceived discovery motions, may result in the imposition of sanctions, to include an award of attorney fees against an offending party." 11/18/2022 Order [Doc. No. 101] at 5. Plaintiff has since filed nine discovery-related motions, including the two motions to compel presently before the Court.

## *Discussion*

## I.      **Plaintiff's First Motion to Compel**

In his first motion to compel, Plaintiff requests that the Court "grant him judgment in the amount of 62.3 million dollars as a sanction against Defendant for displaying a pattern of ignoring discovery rules consistently." Pl.'s First Mot. to Compel [Doc. No. 114] at 1. Specifically, Plaintiff argues that Defendant failed to provide (1) timely responses to his "second" set of discovery requests; (2) a copy of its insurance agreement in its initial disclosures; (3) a complete response to interrogatory 17(H); and (4) documents associated with Plaintiff's "fifth" set of discovery requests.[2]

---

[2] To the extent Plaintiff attempts to incorporate additional arguments articulated in previous motions pursuant to Fed. R. Civ. P. 10(c), the Court will not consider them. Fed. R. Civ.

### A. Timeliness of Defendant's Responses

A party served with requests for production "must respond within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). When a party serves discovery requests by mail, the responding party is provided an additional three days to respond. *See* Fed. R. Civ. P. 6(d). Plaintiff mailed his second set of discovery requests to Defendant on December 2, 2022. *See* Def.'s Resp. Br. [Doc. No. 130], Ex. 5 at 20. Accordingly, Defendant had until January 4, 2023, to respond to Plaintiff's requests. Defendant responded to Plaintiff's requests on January 4, 2023. *See* Def.'s Resp. Br., Ex. 3 at 32. Thus, Defendant's responses were timely.

### B. Initial Disclosures

Plaintiff next argues that Defendant failed to comply with Fed. R. Civ. P. 26(a)(1) because Defendant did not include a copy of its insurance agreement with its initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(iv) requires a party to provide for "inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." In its initial disclosures, Defendant noted that "[a]ny potential policy that may be liable to satisfy all or part of any potential judgment which may be entered in this action will be available for inspection and copying

---

10(c) provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." But "[n]o authority extends Rule 10(c) to incorporation of a party's prior motion into a later motion, or the incorporation of another party's motion into one's own motion." *Wilson v. Pauling*, 457 F.Supp.3d 965, 978 n.2 (D. Colo. 2020) (collecting cases).

at the office of Cheek & Falcone, PLLC." *See* Def.'s Resp. Br., Ex. 1 at 5. Accordingly, Defendant's initial disclosures complied with Fed. R. Civ. P. 26(a)(1)(A)(iv).

### C.  Response to Interrogatory 17(H)

Plaintiff complains that Defendant failed to provide a complete response to Plaintiff's interrogatory, which asks: "How old was the [property located at 2110 N. Lottie]." *See* Def.'s Resp. Br., Ex. 2 at 5. In its response, Defendant stated "[t]he Oklahoma County Assessor website shows structures on 2110 N. Lottie were constructed in 1925." *Id.* at 6. The Court finds Defendant's response to be sufficient, despite Plaintiff's vague assertion that "additional response is required." Pl.'s First Mot. to Compel at 10.

### D.  Failure to Produce Documents

Finally, Plaintiff argues, in conclusory fashion, that Defendant has failed to produce any documents related to the requests for production enumerated in Plaintiff's "fifth" set of discovery requests. Upon review of the record, it appears that Defendant has, in fact, provided Plaintiff with timely and responsive documents in response to Plaintiff's requests for production. Absent any articulated factual or legal bases supporting Plaintiff's position, the Court declines to further speculate on Plaintiff's behalf. *See Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003).

## II.    Plaintiff's Second Motion to Compel

Pursuant to Fed. R. Civ. P. 33, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." According to Rule 33's advisory committee notes:

Each party is allowed to serve 25 interrogatories upon any other party, but

must secure leave of court (or a stipulation from the opposing party) to serve
a larger number. Parties cannot evade this presumptive limitation through the
device of joining as 'subparts' questions that seek information about discrete
separate subjects.

Fed. R. Civ. P. 33 advisory committee's note to 1993 amendment. Although
interrogatories "containing subparts directed at eliciting details concerning a 'common
theme' should generally be considered a single question . . . an interrogatory which contains
subparts that inquire into discrete areas should, in most cases, be counted as more than one
interrogatory." *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664-65 (D. Kan. 2004)
(citing *Williams v. Bd. of Cnty. Comm'rs of Unified Gov't of Wyandotte Cnty. & Kan. City,
Kan., et. al*, 192 F.R.D. 698, 701-702 (D. Kan. 2000)).

Defendant objected to interrogatories 12 through 15, which are enumerated in
Plaintiff's fourth set of discovery requests, on the grounds that these interrogatories
exceeded the number permitted by the Federal Rules of Civil Procedure. Plaintiff, by his
motion, seeks the Court's intervention in the form of an order compelling Defendant to
answer the interrogatories at issue.

From November 28, 2022, through February 11, 2023, Plaintiff served five sets of
discovery requests, including the fourth set of discovery requests implicated by Plaintiff's
second motion to compel. Each set of requests included interrogatories, and each
interrogatory contained multiple sub-parts. *See* Def.'s Resp. Br. [Doc. No. 163], Exs. 1-5.
In total, Plaintiff's interrogatories are comprised of 117 sub-parts.

Defendant concedes that some of the 117 sub-parts are closely related, and thus,
only count as one interrogatory. Nonetheless, it maintains that many of the sub-parts do

not pertain to a common theme. Defendant claims that Plaintiff, prior to serving the interrogatories at issue, had already served 53 interrogatories covering discrete areas. Accordingly, Defendant objected to the interrogatories contained in Plaintiff's fourth set of discovery requests on the grounds that Plaintiff exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure.

The Court has reviewed the nature and character of the interrogatories served by Plaintiff. Upon review, it is evident Plaintiff, prior to serving his fourth set of discovery requests, exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33. Although various sub-parts subsumed within each interrogatory concern a "common theme," many inquire into discrete areas and, accordingly, must be considered separate interrogatories. *See Williams*, 192 F.R.D. at 701-02 (holding, after "a summary review of the interrogatories and the myriad of subparts attached thereto," that the defendant exceeded the maximum number of interrogatories permitted). Accordingly, because Plaintiff exceeded the number of allowable interrogatories under Fed. R. Civ. P. 33, Defendant's objection to answering the interrogatories enumerated in Plaintiff's fourth set of discovery requests is sustained.

### Conclusion

For the reasons set forth herein, Plaintiff's motions to compel [Doc. Nos. 114, 147] are **DENIED** for the reasons set forth herein.

**IT IS FURTHER ORDERED** that Defendant may recover its reasonable expenses and attorney fees incurred in responding to Plaintiff's motions, addressed herein, pursuant to Fed. R. Civ. P. 37(a)(5)(B), upon separate application filed within 14 days from the date

of this Order.

      **IT IS SO ORDERED** this 7th day of April, 2023.

 

 

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge