## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MARQUISE MILLER,                              )
                                                   )
        Plaintiff,                           )
                                                   )
v.                                           )          Case No. CIV-20-946-D
                                                   )
LEGACY BANK,                                 )
                                                   )
        Defendant.                           )

## ORDER

Before the Court are five motions to quash filed by Plaintiff Marquise Miller. [Doc. Nos. 111, 122-125]. Defendant responded to each motion [Doc. Nos. 127, 133-136], and Plaintiff replied [Doc. Nos. 128, 148-151]. The matters are fully briefed and at issue.

### *Background*

This case concerns Defendant Legacy Bank's denial of a loan application submitted by *pro se* Plaintiff Marquise Miller.[1] Plaintiff, an African American pastor in Oklahoma City, applied for an $80,000 loan from Defendant to remodel his property located at 2110 N. Lottie Avenue in 2015. Defendant ultimately denied Plaintiff's application based on the "location [of the property], scope of rehabilitation of the property, crime rate in the area,

---

[1] Where, as here, a party is proceeding *pro se*, the Court is to liberally construe his filings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (*quoting Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Although Plaintiff appears *pro se*, he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

vacancy/abandonment of properties in the surrounding area, and real estate market in the area." Sec. Am. Compl. [Doc. No. 27], ¶ 117. Plaintiff asserts that Defendant denied his loan application because he is African American and because the property is located in a predominately Black neighborhood. After Defendant denied his loan application, Plaintiff sought and obtained an identical loan from Arvest Bank. Plaintiff claims that four other banks were willing to approve loans in the area of the property.

### *Standard of Decision*

A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is considered discovery within the meaning of the rules. *Rice v. United States*, 164 F.R.D. 556, 556-57 (N.D. Okla. 1995). In general, "only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003). An exception applies if the opposing party "asserts a personal right or privilege with respect to the materials subpoenaed." *Young v. Bowen*, No. CIV-21-704-PRW, 2021 WL 6062394, at *3 (W.D. Okla. Dec. 22, 2021) (citing 9A Charles A. Wright & Alan R. Miller, *Federal Practice & Procedure—Civil*, § 2463.1 Quashing or Modifying a Subpoena (3d ed.)). When banking records are subpoenaed, courts have held that an individual has a privacy interest in his or her personal financial affairs. This interest confers the requisite standing to move to quash the subpoena served on a non-party financial institution. *See, e.g.*, *Transcor, Inc.*, 212 F.R.D. at 591.

A party seeking to quash a subpoena carries "a particularly heavy burden" as opposed to one seeking only limited protection. *In re Coordinated Pretrial Proceedings in*

*Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982); *S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014). The objecting party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (internal quotation omitted).[2]

### *Discussion*

Defendant provided notice of its intention to serve subpoenas to non-parties Arvest Bank, Farmers Bank, Miller Solutions Property Management, LLC, JP Morgan Chase Bank, N.A., and Virgil J. Freelen, RTRP. *See* Not. of Subpoenas [Doc. Nos. 105, 113]. The subpoena issued to Arvest Bank seeks information regarding Plaintiff's loan with Arvest Bank covering the N. Lottie property. Specifically, the subpoena requests that Arvest produce the following documents:

> All documents related to [loan note number XXX8248], including the loan file, documents submitted by [Plaintiff] to Arvest Bank in relation to the loan, and communications between [Plaintiff] and any agent, employee or representative of Arvest Bank.

*See* Not. of Subpoena, Ex. 1 [Doc. No. 105-1].

The subpoena issued to Farmers Bank seeks information regarding Plaintiff's loans with Farmers Bank concerning the N. Lottie property in 2018 and 2021. The subpoenaed documents include:

> All documents related to the loan by Farmers Bank to Miller Solutions Property Management, LLC evidenced by a Promissory Note with the last

---

[2] Although *Gulf Oil Co.* dealt with a showing of good cause for a protective order under Rule 26(c), the Court discerns no meaningful distinction between this standard and a party's heavy burden in seeking to quash a subpoena issued under Rule 45.

four numbers *5314, dated November 27, 2018, including the loan file and documents submitted in relation to the loan.

All documents related to the loan by Farmers Bank to Miller Solutions Property Management, LLC evidenced by a Promissory Note with the last four numbers *8243, dated September 14, 2021, including the loan file and documents submitted in relation to the loan.

All documents provided to, by or on behalf of Miller Solutions Property Management, LLC regarding 2110 N. Lottie Ave., Oklahoma City, Oklahoma 73111, including, without limitation, rent rolls, income statements, statements of expenses, descriptions of renovations, lease agreements and appraisals.

*See* Not. of Subpoena, Ex. 1 [Doc. No. 113-1]. Plaintiff has moved to quash each subpoena, arguing that the information sought is both confidential and irrelevant.[3] To the extent Plaintiff raises new arguments in his reply briefs, the Court declines to consider them. *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised [in its reply brief] for the first time.").

## I.    Relevance

Although Fed. R. Civ. P. 45 does not include "relevance" as a grounds for quashing a subpoena, the scope of discovery under a subpoena is the same as the scope of discovery

---

[3] Plaintiff also argues that the subpoenas subject Arvest Bank and Farmers Bank to an undue burden, but he lacks standing to object on this basis. *See Howard v. Segway, Inc.*, No. 11-CIV-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) ("Even where a party has standing to quash a subpoena based on privilege or a personal right, it still lacks standing to object on the basis of undue burden."); *Pub. Serv. Co. of Okla. v. A Plus, Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *5 (W.D. Okla. Feb. 16, 2011) (a party that has standing to challenge a subpoena directed to a third party on privacy grounds "may not challenge that subpoena on the grounds that the information imposes an undue burden on the subpoenaed party").

under Fed. R. Civ. P. 26(b). *See Transcor, Inc.*, 212 F.R.D. at 591. Rule 26(b)(1) sets forth

the scope of discovery and provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under this standard, "relevance" has been broadly construed to include "'any matter that

bears on, or that reasonably could lead to other matter that could bear on' any party's claim

or defense." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (quoting

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

### A. Arvest Bank Subpoena

Defendant seeks information concerning Plaintiff's lending relationship with Arvest

Bank. To demonstrate that he was qualified for the loan he sought from Defendant, Plaintiff

has extensively relied on the fact that Arvest Bank allegedly approved a loan with identical

terms to the loan he applied for from Defendant. *See generally* Sec. Am. Compl. at ¶¶ 63,

102 ("Arvest Bank approved the loan that [Defendant] denied; Arvest Bank was willing to

approve loans in the area that [Defendant] refused.").

Indeed, in its order denying Defendant's motion to dismiss, the Court in part relied

on Plaintiff's allegation that Arvest Bank approved a loan with identical terms to the loan

Defendant denied. See 6/2/22 Order [Doc. No. 38] at 6. Accordingly, the Court necessarily

concludes that the information sought by the subject subpoena is relevant, as it concerns a

matter which "'bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'" *Kennicott*, 327 F.R.D. at 469 (quoting *Oppenheimer Fund, Inc.*, 437 U.S. at 351).

### B. Farmers Bank Subpoena

In 2018, Plaintiff quitclaimed the N. Lottie property to Miller Solutions Property Management, LLC ("MSPM"). Plaintiff, in his capacity as a member of MSPM, executed a mortgage with Farmers Bank on the Lottie Property to secure a $205,365.70 note. A second mortgage was signed by Plaintiff in his capacity as a member of MSPM in favor of Farmers Bank to secure a line of credit up to $151,043.

In Plaintiff's second amended complaint, he notes that "one of [Defendant's] reasons for denial was based upon location of [the] property. . . . Other banks were lending in this area despite [Defendant's] perceptions of the area. . . . Farmer's Bank was willing to approve loans in the area that [Defendant] refused." Sec. Am. Compl., ¶¶ 100, 101, 103. The Court in part relied on these allegations in its order denying Defendant's motion to dismiss, noting that although "Defendant explained to Plaintiff that it denied the loan application due, in part, to the location of the property, . . . Plaintiff alleges that four other banks [including Farmers Bank] were willing to approve loans in the area of the property." *See* 6/2/2022 Order at 5.

Based on Plaintiff's allegations, the information sought from Farmers Bank is relevant. This information will inform regarding whether Farmers Bank imposed additional conditions before loaning to an entity which Plaintiff purportedly controls, or whether it viewed the N. Lottie property as sufficient collateral for each loan. In addition, this

information is relevant to the amount of damages Plaintiff seeks. *See* Pl.'s Mot. for Summ. J. [Doc. No. 104] at 33 ("[Plaintiff] moves this Court to grant his motion for summary judgment and damages in the amount of $62.3 million dollars, which reflects the earning capacity of the Lottie properties."); *see id.* at 29-30 (calculating the estimated earning capacity of the N. Lottie Property after considering, *inter alia*, monthly rent and the number of occupied units).

For these reasons, it is evident that the subpoena issued to Farmers Bank seeks relevant information, as the information "'bears on, or . . . reasonably could lead to other matter that could bear on' any party's claim or defense." *Kennicott*, 327 F.R.D. at 469 (quoting *Oppenheimer Fund, Inc.*, 437 U.S. at 351).

## II.    Confidential Information

Under Federal Rule of Civil Procedure 45(c)(3)(B)(i), a court may quash or modify a subpoena if the subpoena requires disclosure of "a trade secret or other confidential research, development, or commercial information." Although the Federal Rules of Civil Procedure do not define "confidential commercial information," the term has been construed to encompass "information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." *Transcor, Inc.*, 212 F.R.D. at 592. The movant bears the burden "to establish that the information sought [by the subpoena] is confidential and that its disclosure will result in a clearly defined and serious injury to the moving party." *Id.*

Plaintiff generally asserts that he "has a legitimate expectation and right to privacy [regarding] his financial records or any other communication with Arvest Bank." *See* Pl.'s

Mot. to Quash [Doc. No. 111] at 4. As it relates to the subpoena issued to Farmer's Bank, Plaintiff argues that the documents sought "could contain personal information." Pl.'s Mot. to Quash [Doc. No. 122] at 11. But in each circumstance, Plaintiff fails to detail how "disclosure will result in a clearly defined and serious injury." *Transcor, Inc.*, 212 F.R.D. at 592. Absent any particularized allegations, the Court cannot conclude that the subpoenas issued to Arvest Bank or Farmers Bank should be quashed solely because they seek, in Plaintiff's view, confidential information. *See Folsom v. Heartland Bank*, No. CIV-98-2308-GTV, 1999 WL 322691, at *2 (D. Kan. May 14, 1999) ("Confidentiality does not equate to privilege."); *see also Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979) ("[T]here is no absolute privilege for . . . confidential information.")).

Plaintiff's conclusory allegations are insufficient to satisfy his "particularly heavy burden." *See In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 669 F.2d at 623; *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (the objecting party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements"); *see also Strand v. USANA Health Sciences, Inc.*, No. CIV-17-925-HCN-PMW, 2020 WL 30333, at *2 (Jan. 2, 2020) (rejecting plaintiff's argument that her confidential financial information was not discoverable after noting that she "opened herself up to discovery concerning her income and employment by filing th[e] lawsuit" and that her "privacy interests must yield to the Federal Rules of Civil Procedure"); *see id.* (collecting cases). Accordingly, the Court cannot grant Plaintiff's motions to quash the subpoenas issued to Arvest Bank and Farmers Bank on the basis that

they seek confidential information.[4]

### III. Plaintiff's Motions to Quash the Subpoenas Issued to Miller Solutions Property Management, LLC, JP Morgan Chase Bank, N.A, and Virgil J. Freelen, RTPR.

In addition to the two motions to quash discussed above, Plaintiff has filed three additional motions to quash: Motion to Quash Subpoena Duces Tecum to JP Morgan Chase Bank, N.A. [Doc. No. 123], Motion to Quash Subpoena Duces Tecum to Miller Solutions Property Management, LLC [Doc. No. 124], and Motion to Quash Subpoena Duces Tecum to Virgil J. Freelen, RTPR [Doc. No. 125]. Each motion contains the following identical request from Plaintiff:

> [Plaintiff] moves this Court to include his Motion to Quash Subpoena Duces Tecum to "The Farmers Bank" as if it was apart of this motion in accordance with [Fed. R. Civ. P.] 10(c) along with all the exhibits.
>
> Pl.'s Mots. to Quash [Doc. Nos. 123-125] at 1.

Plaintiff's attempt to utilize Fed. R. Civ. P. 10(c) under these circumstances is misguided. Fed. R. Civ. P. 10(c) provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." But "[n]o authority extends Rule 10(c) to incorporation of a party's prior motion into a later motion, or the incorporation of another party's motion into one's own motion." *Wilson v. Pauling*, 457 F.Supp.3d 965, 978 n.2 (D. Colo. 2020) (collecting cases). Absent any articulated

---

[4] To the extent Plaintiff seeks a protective order, he must demonstrate "that disclosure of the information will result in a clearly defined and very serious injury." *Zapata v. IBP, Inc.*, 160 F.R.D. 625, 627 (D. Kan. 1995) (internal quotation omitted). For the reasons discussed above, the Court finds that Plaintiff has failed to demonstrate "good cause" on the present record, and thus denies without prejudice a request for a protective order restricting further disclosure of Plaintiff's financial documents.

factual and legal bases in support of his position that the subject subpoenas should be quashed, Plaintiff's motions to quash the subpoenas issued to JP Morgan Chase Bank, N.A., Miller Solutions Property Management, LLC, and Virgil J. Freelen, RTPR [Doc. Nos. 123-125], must be denied. *See Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (declining to speculate on the claimant's behalf when argument on an issue is "insufficiently developed").

### Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motions to quash [Doc. Nos. 111, 122-125] are **DENIED** for the reasons set forth herein.

**IT IS SO ORDERED** this 10th day of April, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge