IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARQUISE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-946-D |
| | ) | |
| LEGACY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On May 18, 2023, the Court entered an order, pursuant to Fed. R. Civ. P. 11 and its inherent power, requiring Plaintiff Marquise Miller to show cause why this case should not be dismissed with prejudice as a sanction for his abusive litigation tactics. *See* 5/18/2023 Order [Doc. No. 220]. The Order expressed concerns that Mr. Miller was engaging in gamesmanship contrary to Fed. R. Civ. P. 11's strictures. The Court also acknowledged that Mr. Miller's litigation tactics have prevented this matter from being efficiently litigated, as evidenced by his filing of the following motions:

1. Pl.'s Mot. to Strike [Doc. No. 15];
2. Pl.'s Mot. to Quash [Doc. No. 42];
3. Pl.'s Mot. for Protective Order [Doc. No. 45];
4. Pl.'s Mot. to Disqualify Opposing Counsel [Doc. No. 46];
5. Pl.'s Mot. to Compel [Doc. No. 54];
6. Pl.'s Mot. to Expedite [Doc. No. 57];
7. Pl.'s Mot. to Compel [Doc. No. 58];
8. Pl.'s Mot. to Quash [Doc. No. 73];
9. Pl.'s Mot. to Quash [Doc. No. 74];
10. Pl.'s Mot. to Quash [Doc. No. 75];
11. Pl.'s Mot. to Quash [Doc. No. 76];
12. Pl.'s Mot. to Compel [Doc. No. 99];
13. Pl.'s Mot. to Compel [Doc. No. 100];
14. Pl.'s Mot. for Summary Judgment [Doc. No. 104];

15. Pl.'s Mot. to Strike [Doc. No. 110];
16. Pl.'s Mot. to Quash [Doc. No. 111];
17. Pl.'s Mot. to Deem Requests for Admissions Admitted [Doc. No. 112];
18. Pl.'s Mot. to Compel [Doc. No. 114];
19. Pl.'s Mot. to Quash [Doc. No. 122];
20. Pl.'s Mot. to Quash [Doc. No. 123];
21. Pl.'s Mot. to Quash [Doc. No. 124];
22. Pl.'s Mot. to Quash [Doc. No. 125];
23. Pl.'s Mot. to Strike [Doc. No. 143];
24. Pl.'s Mot. for Sanctions [Doc. No. 146];
25. Pl.'s Mot. to Compel [Doc. No. 147];
26. Pl.'s Mot. for Entry of Default [Doc. No. 171];
27. Pl.'s Mot. to Expedite [Doc. No. 172];
28. Pl.'s Mot. to Compel [Doc. No. 175];
29. Pl.'s Mot. to Alter or Amend Judgment [Doc. No. 187];
30. Pl.'s Mot. to Alter or Amend Judgment [Doc. No. 188];
31. Pl.'s Mot. to Alter or Amend Judgment [Doc. No. 189];
32. Pl.'s Mot. to Alter or Amend Judgment [Doc. No. 190];
33. Pl.'s Mot. to Expedite [Doc. No. 191];
34. Pl.'s Mot. to Alter or Amend Judgment [Doc. No. 201];
35. Pl.'s Mot. to Alter or Amend Judgment [Doc. No. 202];
36. Pl.'s Mot. to Alter or Amend Judgment [Doc. No. 203].
37. Pl.'s Mot. for Sanctions [Doc. No. 207];
38. Pl.'s Mot. to Compel [Doc. No. 211];
39. Pl.'s Mot. to Quash [Doc. No. 217].

Mr. Miller filed a response, which the Court has reviewed. *See* Pl.'s Resp. Br. [Doc. No. 225]. In it, Mr. Miller rehashes many of the same allegations against defense counsel that he has asserted since this case's inception. Of the thirty-nine motions listed above, Mr. Miller specifically addresses six.[1] At the core of Mr. Miller's response are allegations that

---

[1] Notably, Mr. Miller's response does not address the Court's Fed. R. Civ. P. 11 concerns related to his motion to strike. *See* [Doc. No. 143]. Although he indirectly discusses the issue in his response, he fails to address his express admission that the purpose behind his motion to strike is to "alleviate any excuse for [Defendant] to go fishing through his confidential and private information held with other financial institutions." *See* Pl.'s Reply Brs. [Doc. No. 148] at 8-9; [Doc. No. 149] at 8-9; [Doc. No. 150] at 8; [Doc. No. 151] at 6-7.

his repeated filings are a result of "the trial court's incompetence and judicial dishonesty." Pl.'s Resp. at 6. He also argues that "it makes absolutely no sense for [the Court] to be complaining about the alleged increased filings in this case, while it fails to do its job efficiently and effectively." *Id.* at 10. According to Mr. Miller, if the Court were to rule in his favor regarding his pending Motion to Deem Request for Admissions Admitted [Doc. No. 112], it "would decide the issues of liability and damages." *Id.* Mr. Miller argues that a favorable ruling would "make discovery virtually irrelevant" and, thus, obviate any need for him to file additional discovery-related motions. *Id.* He further notes: "If the trial judge doesn't want to make decisions between disputing parties, then there are other career paths that would help him reach this goal." *Id.* In short, Mr. Miller's response fails to justify the abusive, vexatious litigation tactics he has employed during the pendency of this matter, as detailed in the Court's show cause order, and instead doubles-down on the unhelpful, sharp-tongued rhetoric employed by Mr. Miller in filings throughout this case.

**I.    Sanctions**

A district court possesses "certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (internal quotation omitted). These inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). To be sure, "dismissal with prejudice is an essential tool in the sanction toolbox." *King v. Fleming*, 899 F.3d 1140, 1150 (10th Cir. 2018); *see id.* at 1149 n.11 (acknowledging that dismissal with prejudice as a sanction has been upheld in a

variety of contexts and citing cases in support).

To determine whether dismissal or some lesser sanction is appropriate, the Court must consider the following five factors:[2]

> (1) the degree of actual prejudice to the defendant caused by the misconduct;
> (2) the amount of interference with the judicial process;
> (3) the culpability of the litigant;
> (4) whether the court warned the litigant in advance that dismissal of the action would be a likely sanction for noncompliance; and
> (5) the efficacy of lesser sanctions.

*King*, 899 F.3d at 1150 (internal quotation and alteration omitted). The first three factors "inform the decision to apply any sanction," while the remaining two factors "are dismissal-specific." *Id.* at 1150 n.15. The Court addresses each in turn.

### a. Degree of Prejudice to Defendant

As detailed in the Court's show cause Order, Mr. Miller's repetitive filings have, without question, caused Defendant to incur unnecessary fees. Despite the relatively straightforward nature of this case, Mr. Miller has filed thirty-nine motions, which primarily concern discovery-related disputes, as detailed above. To this point, the Court has continually found Mr. Miller's claims of Defendant's discovery-related misconduct to be unsubstantiated. *See, e.g.,* 9/2/2022 Order [Doc. No. 64]; 1/20/2023 Order [Doc. No. 121]. In light of the foregoing, the Court finds that Mr. Miller's actions have resulted in a degree of prejudice to Defendant, which supports imposing sanctions.

---

[2] These five factors are appropriate to consider in the context of Rule 11 violations, as well as a court's inherent power to sanction. *See King*, 899 F.3d at 1150.

4

### b. Interference with Judicial Process

The litigation conduct of Mr. Miller has unduly taxed the Court's limited resources. The Court has expended an inordinate amount of time resolving a number of ill-conceived motions filed by Mr. Miller. By filing the thirty-nine motions detailed above, Mr. Miller has undermined the Court's ability to effectively manage its docket. Based on the disruption attributable to Mr. Miller, the Court finds that this factor weighs in favor of imposing sanctions.

### c. Culpability of Litigant

The Court acknowledges that Mr. Miller, based on his *pro se* status, is entitled to a liberal construction of his filings. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Although he appears *pro se*, Mr. Miller must nonetheless "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Despite repeated findings by the Court to the contrary, Mr. Miller has persisted in his claims that defense counsel has engaged in misconduct. At no point has Mr. Miller acknowledged that *any* of his conduct has been inappropriate, as demonstrated in his response to the Court's show cause Order. *See* Pl.'s Resp. Br. at 6 (arguing that his repeated filings are a result of "the trial court's incompetence and judicial dishonesty"); *id.* at 10 (stating "it makes absolutely no sense for [the Court] to be complaining about the alleged increased filings in this case, while it fails to do its job efficiently and effectively"); *id.* ("If the trial judge doesn't want to make decisions between disputing parties, then there are other career paths that would help him reach this goal."). In light of Mr. Miller's obstinance in this regard, the Court finds that this factor supports

imposing sanctions.

### d. Prior Warnings

The Court has warned Mr. Miller, on multiple occasions, that his conduct may result in sanctions. Indeed, in its Order entered November 18, 2022, which denied ten discovery-related motions filed by Mr. Miller, the Court cautioned that "failure to strictly adhere to proper discovery procedures, and the needless filing of excessive and/or ill-conceived discovery motions, may result in the imposition of sanctions." *See* 11/18/2022 Order [Doc. No. 101]; 5/10/2023 Order [Doc. No. 210] (same); 5/18/2023 Order [Doc. No. 220] (requiring Mr. Miller to explain why his case should not be dismissed with prejudice as a sanction for his abusive litigation tactics). The Court thus finds that Mr. Miller has been given fair warning that his conduct may result in sanctions, including dismissal with prejudice.[3]

### e. Efficacy of Lesser Sanctions

Although "dismissal with prejudice is an essential tool in the sanction toolbox," the Court recognizes that "dismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective." *King*, 899 F.3d at 1150, 1153 (internal quotation omitted). Although it is a close call, the Court has concluded, at the current juncture, that a lesser sanction is appropriate. Under the circumstances, the Court concludes that the following sanctions may effectively deter Mr. Miller's conduct and appropriately refocus

---

[3] As addressed, *infra*, ensuring that the parties' face-to-face conference under Fed. R. Civ. P. 37 and LCvR37.1 is conducted in good faith and is meaningful should serve to increase the level of civility in their interactions.

the matter so as to allow it to reach resolution on its merits. Accordingly, the Court orders as follows:

- Prior to filing <u>any</u> discovery-related motion, the parties are required to meet in person and confer, <u>in good faith</u>, at the William J. Holloway United States Courthouse, located at 200 N.W. 4th Street in Oklahoma City. The in-person conference shall occur under the supervision of United States Magistrate Judge Suzanne Mitchell.[4] In the event either party, after conferring in good faith, files a discovery-related motion, the motion shall include a certificate of compliance detailing the date and time that the conference began and ended.

- Future non-compliance with the requirements of Fed. R. Civ. P. 11 and Fed. R. Civ. P. 37, including filings which the Court later determines to have been made in bad faith and/or without a proper basis in fact and law, or any failure to abide by this order, may result in monetary or non-monetary sanctions, to be determined by the Court based on the circumstances of the violation. **<u>Such sanctions may include dismissal with prejudice.</u>**

- Further, any failure to abide by the requirements of this order, including disruptive conduct that interferes with the goals of this order and the conduct of orderly proceedings, may be treated as a contempt of court.

## II.   Remaining Matters

The Court resets the discovery deadline in this matter for November 10, 2023. Defendant may re-notice the deposition of Mr. Miller and Virgil Freelen to occur within the remaining time for discovery. Mr. Miller shall respond to Defendant's Motion for Attorney Fees [Doc. No. 194] on or before August 28, 2023.

Additionally, in light of the foregoing, the Court finds that Defendant's Motion for Sanctions [Doc. No. 156] and Mr. Miller's Motion for Sanctions [Doc. No. 207] must be **DENIED.** The Court further finds that Mr. Miller's Motion to Extend Deadlines [Doc. No.

---

[4] In the event an in-person conference is necessary, the parties are directed to email mitchell-orders@okwd.uscourts.gov, to arrange a mutually acceptable date and time for the conferral.

204], Motion to Stay [Doc. No. 215], Motions to Quash [Doc. Nos. 216, 217], and Motion to Withdraw [Doc. No. 218] must be **DENIED AS MOOT.** Mr. Miller's Motion to Compel [Doc. No. 211] is **DENIED** without prejudice to resubmission in accordance with the requirements set forth herein. A separate scheduling order resetting all unexpired deadlines in this matter shall issue accordingly.

      **IT IS SO ORDERED** this 4th day of August, 2023.

                                              TIMOTHY D. DeGIUSTI
                                              Chief United States District Judge