IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARQUISE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-946-D |
| | ) | |
| LEGACY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On January 13, 2023, Plaintiff Marquise Miller filed and served a Notice of Intention to Serve Subpoena Duces Tecum on Non-Party Joshua Brack. *See* [Doc. No. 115]. Mr. Brack is an employee of Defendant Legacy Bank. The subpoena requests that Mr. Brack produce various documents belonging to Legacy Bank.[1] Legacy Bank has filed a Motion to Quash the subject subpoena [Doc. No. 126], which is fully briefed and before the Court. *See* Pl.'s Resp. Br. [Doc. No. 140]; Def.'s Reply Br. [Doc. No. 145].

Plaintiff, by virtue of the subpoena at issue, requests that Mr. Brack produce documents spanning nineteen discrete categories. A cursory reading of the subpoena confirms that each document sought by Plaintiff, in fact, belongs to Legacy Bank.[2] *See*

---

[1] The subpoena also commands Mr. Brack to permit entry onto the premises of a Legacy Bank branch located at 2801 W. Memorial Road in Oklahoma City, Oklahoma in order to allow Plaintiff to "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." *See* [Doc. No. 115-1] at 1.

[2] Because Legacy Bank has "a personal right or privilege with respect to the subject matter requested in the subpoena," it has standing to move to quash it. *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003).

[Doc. No. 115-1] at 3-8 (requesting copies of records and documents maintained by Legacy Bank).

It is apparent that, by serving the subpoena at issue, Plaintiff is attempting to circumvent the ordinary strictures of discovery. Indeed, "the rule permitting subpoenas of documents from nonparties does not permit a party to make an end-run around Federal Rule of Civil Procedure 34." *Ramey v. Cmty. State Bank, Coffeyville, Kan.*, No. 17-CV-370-JED-JFJ, 2018 WL 11447250, at *1 (N.D. Okla. Aug. 7, 2018); *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 676 (N.D. Ala. 2010) (granting the defendant's motion to quash after noting that "the documents sought are, without question, the basic bare bones requests that would have been appropriate under Rule 34"); *Manzo-Pianelli v. United Servs. Auto. Ass'n*, No. 15-61324, 2015 WL 12806618, at *1 (S.D. Fla. Nov. 3, 2015) (noting that a subpoena, although ostensibly seeking documents from a non-party, actually called for production from the defendant, which "would otherwise be discoverable as production from a party under Rule 34").

In light of the foregoing, the Court finds that Legacy Bank's Motion to Quash [Doc. No. 126] must be **GRANTED.**

**IT IS SO ORDERED** this 4th day of August, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge