## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARQUISE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-946-D |
| | ) | |
| LEGACY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Marquise Miller's Motion to Strike [Doc. No. 143]. Defendant Legacy Bank timely responded [Doc. No. 155], and Plaintiff replied [Doc. No. 161]. The matter is fully briefed and at issue.

On September 18, 2020, Plaintiff filed a complaint detailing Defendant's denial of his application for a loan to remodel his property located at 2110 N. Lottie Avenue. Plaintiff asserted that Defendant denied his loan because he is African American and because the property is located in a predominately Black neighborhood. Accordingly, he sought damages under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* (ECOA), the Fair Housing Act, 42. U.S.C. § 3601 (FHA), and the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982.

After Defendant filed a motion to dismiss, Plaintiff sought leave to file an amended complaint. *See* [Doc. Nos. 10, 18]. The Court granted his motion, and Plaintiff filed his amended complaint on March 23, 2021. *See* Pl.'s First Am. Compl. [Doc. No. 20]. Defendant subsequently filed another motion to dismiss, which the Court granted. *See*

[Doc. Nos. 21, 25]. Pursuant to the Court's order, Plaintiff's FHA, § 1981, and § 1982 claims were dismissed with prejudice, as each claim was time-barred. In addition, the Court dismissed Plaintiff's ECOA claim after concluding that Plaintiff's allegations did not show he was qualified for the loan sought.[1] The dismissal of Plaintiff's ECOA claim was without prejudice, with leave to amend.

Plaintiff then filed a second amended complaint, which included the addition of the following allegations:

> 29. Mr. Miller at the time of denial had a credit score over 700;
> 31. The same year Legacy denied Mr. Miller the loan, his income was well over $100,000;
> 32. Mr. Miller's debt to credit ratio was sufficient according to Legacy Bank's requirements;
> 33. Mr. Miller's debt to income ratio was below 25% which is acceptable by Legacy Bank's policies;
> 36. Mr. Miller's discretionary income was more than $5,000 per month when Legacy Bank denied the loan;
> 37. Mr. Miller demonstrated a cash flow sufficient to service the debt;
> 38. Mr. Miller was seeking at least $80,000 from Legacy Bank for a loan with a maturity date of 10 years with a 6.5% interest rate.

*See* Pl.'s Sec. Am. Compl. [Doc. No. 27] at 4-5. Again, Defendant filed a motion to dismiss. *See* [Doc. No. 29]. The Court denied Defendant's motion after concluding that Plaintiff's allegations were minimally sufficient to state a plausible ECOA claim. The Court noted that Plaintiff offered several factual allegations plausibly showing he was qualified for the loan, including an income of more than $100,000 and a debt-to-credit ratio below 25%. *See*

---

[1] To establish a prima facie ECOA claim, a plaintiff must plead factual allegations demonstrating, *inter alia*, that the loan application was rejected despite the plaintiff's qualifications. *See Matthiesen v. Banc One Mortg. Corp.*, 173 F.3d 1242, 1246 (10th Cir. 1999).

6/2/2022 Order [Doc. No. 38] at 5.

By his motion, Plaintiff now seeks to "strike" above-numbered paragraphs 31, 32, 33, 36, 37, and 38 from his complaint. *See* Pl.'s Mot. to Strike at 1. Plaintiff's request, construed liberally, is equivalent to a motion for leave to amend. Because he seeks leave to amend his complaint after the deadline imposed by the Court's Scheduling Order,[2] Plaintiff "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris*, 812 F.3d 1238, 1247 (10th Cir. 2015) (internal citation omitted).

The Court cannot conclude that Plaintiff has carried his burden and demonstrated good cause under Fed. R. Civ. P. 16(b)(4). Although Plaintiff claims that Defendant "has admitted clearly and unambiguously that [he] was qualified for the loan and that the Lottie property was sufficient collateral,"[3] the current record reflects otherwise. *See, e.g.* Def.'s Answer [Doc. No. 39], ¶ 30 ("[Defendant] denies the allegations [that Plaintiff was a qualified applicant when Defendant denied him the loan]."); *see id.*, ¶ 140 ("[Defendant] denies the allegations [that Plaintiff provides more than the adequate collateral along with credit worthiness, income, and character to be granted the loan]."). Because Plaintiff has failed to satisfy Fed. R. Civ. P. 16(b)(4), the Court declines to address Fed. R. Civ. P. 15(a)(2). Plaintiff's Motion to Strike [Doc. No. 143] is **DENIED.**

---

[2] *See* Scheduling Order [Doc. No. 94]
[3] *See* Pl.'s Mot. to Strike at 2.

**IT IS SO ORDERED** this 4th day of August, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge