# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-946-D ) ) |
| LEGACY BANK, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court are two motions filed by Plaintiff Marquise Miller: Motion to Stay [Doc. No 247] and Motion for Extension of Time [Doc. No. 248]. In his Motion to Stay, Mr. Miller seeks a stay of all proceedings pending a ruling by the Tenth Circuit on his recently filed Petition for Writ of Mandamus (the "Petition"). *See* 9//7/2023 Order of USCA [Doc. No. 251]. Mr. Miller's Petition seeks review of the Court's order denying his Motion to Disqualify/Recuse. *See id.*; *see also* 8/31/2023 Order [Doc. No. 244]. In his Motion for Extension of Time, Mr. Miller seeks an extension to file his response to Defendant's Motion for Attorney's Fees [Doc. No. 194] and reply in support of his Motion to Compel [Doc. No. 175] fourteen (14) days after the Tenth Circuit rules on his Petition. *See* Pl.'s Mot. for Extension of Time [Doc. No. 248].

Because Plaintiff's motions are related, and because a ruling on either could impact deadlines in this case, the Court takes up the motions together.

I.  **Motion to Stay**

In his motion, Mr. Miller seeks a stay of all proceedings pending a ruling by the Tenth Circuit on his recently filed Petition. *See* Pl.'s Mot. to Stay [Doc. No. 247]; 9/7/2023 Order of USCA [Doc. No. 251]. Absent a stay, "the filing of a petition for mandamus does not divest the district court of jurisdiction." *U.S. v. Wilson*, No. 08-450-KHV, 2011 WL 4801912, at *1 (D. Colo. Oct. 11, 2011).[1] The Court therefore retains jurisdiction to decide both of Mr. Miller's motions.

Regarding the instant issue—whether the Court should stay all proceedings pending a decision from the Tenth Circuit on Mr. Miller's Petition—Mr. Miller relies on the four-factor test set forth by the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770 (1987). However, courts within the Tenth Circuit use a similar, five-factor test in determining whether to grant a stay:

> (1) the basis for jurisdiction in this Court and the Court of Appeals; (2) the likelihood of success on appeal; (3) the threat of irreparable harm if the stay is not granted; (4) the absence of harm to opposing parties if the stay is granted; and (5) any risk of harm to the public interest.

*United States v. Engstrum*, Case No. 2:08-CR-430 TS, 2009 WL 2338350, at *1 (D. Utah July 29, 2009) (citing 10th Cir. R. 8.1(A)-(E)).

The first factor, the basis for jurisdiction in this Court and the Court of Appeals, is not addressed in Mr. Miller's motion. This alone is sufficient to deny Mr. Miller's request for a stay. *See* 10th Cir. R. 8.1 ("No motion for a stay or injunction pending an appeal will

---

[1] Mr. Miller should be aware of this, as he continued to file motions after filing a previous Petition for Writ of Mandamus with the Tenth Circuit. *See* 5/9/2023 Order of USCA [Doc. No. 206].

be considered unless the application addresses all of the [five factors] . . . ."). However, in construing Mr. Miller's *pro se* motion liberally, the Court will consider the remaining four factors below.

The second factor, the likelihood of success on appeal, counsels strongly against a stay. Mandamus is a drastic remedy, requiring a "clear and indisputable" showing by Mr. Miller:

> The Supreme Court has made it clear that mandamus is a "drastic" remedy that is "to be invoked only in extraordinary situations." "[T]he writ of mandamus has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Petitioners must show that their right to the writ is "clear and indisputable."

*In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2008) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam)) (internal citations omitted); *see In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (holding that the Tenth Circuit "will grant a writ only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power") (internal quotation marks omitted). Further, as detailed in its Order denying Mr. Miller's Motion to Disqualify/Recuse, the burden for recusal itself—under either 28 U.S.C. § 455 or 28 U.S.C. § 144—is high. *See* 8/31/2023 Order [Doc. No. 244]. Given the high standard for mandamus relief and recusal, along with Mr. Miller's failure to meet either recusal burden in his Motion to Disqualify/Recuse, the second factor weighs against a stay.

As to the third factor, irreparable harm to the movant absent a stay, Mr. Miller argues that he will be irreparably harmed by the Court retaining the ability to rule on other pending

motions. *See* Pl.s' Mot. to Stay [Doc. No. 247] at 7. As mentioned *supra*, Mr. Miller's filing of the Petition does not automatically strip the Court of jurisdiction over the case. *See Wilson*, 2011 WL 4801912, at *1. It seems, therefore, that Mr. Miller argues that the Court will fail to impartially consider his filings and incorrectly rule against him. Mr. Miller's concern is unfounded, as detailed in the Court's Order denying his Motion to Disqualify/Recuse. *See* 8/31/2023 Order [Doc. No. 244]. Given Mr. Miller's failure to identify any legitimate, irreparable harm absent a stay, the third factor weighs against a stay.

    Mr. Miller argues that the fourth factor—the absence of harm to Defendant if a stay is granted—weighs in favor of a stay. Specifically, Mr. Miller assumes that Defendant's past amenability to deadline extensions means that it will not be harmed by a stay of all proceedings pending resolution of Mr. Miller's Petition. *See* Pl.'s Mot. to Stay [Doc. No. 247] at 7-8. The Court disagrees with Plaintiff's assumption. Mr. Miller filed this case on September 18, 2020—nearly three years ago. *See* Compl. [Doc. No. 1]. Since that time, the parties have not engaged in any meaningful discovery regarding the merits of Mr. Miller's claim. That delay is due almost exclusively to Mr. Miller's unfounded, vexatious litigation tactics, which are well-documented in the Court's Order to Show Cause [Doc. No. 220] and need not be repeated here. It is a reasonable assumption that Defendant, like any practical litigant, would like to resolve this case as soon as possible. Defendant also has several pending motions that have not been resolved, due to the Court's forced focus on Mr. Miller's voluminous filings. Because Mr. Miller provides no legitimate showing that

Defendant will not be harmed (aside from bare assumptions), the fourth factor weighs against a stay.

As for the fifth and final factor, Mr. Miller argues that a stay "is important so that public confidence in the impartiality of the judiciary is not hindered." *See* Pl.s' Mot. to Stay [Doc. No. 247] at 8. Of course, impartial judges are a critical component of any judicial system; indeed, a functioning judiciary depends on them. As explained in its order denying Mr. Miller's Motion to Disqualify/Recuse, however, the Court has not made any decision in this case based on bias or prejudice toward Mr. Miller. *See* 8/31/2023 Order [Doc. No. 244] at 4-5. Instead, the Court has carefully considered each motion filed by Mr. Miller and made a ruling based on the merits of each. As Mr. Miller is aware, the Court has imposed a narrowly tailored sanction in an attempt to curtail Mr. Miller's baseless filings so that the Court could foster a resolution of this case on the merits and give appropriate attention to all of its other assigned cases. *See* 8/4/2023 Order [Doc. No. 226]. There is no risk of harm to the public interest absent a stay in this case.

## II.     Motion for Extension of Time

In his motion, Mr. Miller requests that an "extension of all filing deadlines be extended 14 days after the [Tenth Circuit] rules on" his Petition. *See* Pl.'s Mot. for Extension of Time [Doc. No. 248] at 2. For the reasons explained *supra*, the Court retains jurisdiction over this case pending resolution of Mr. Miller's Petition with the Tenth Circuit, and the Court finds that Mr. Miller is unlikely to succeed on his Petition. But the Court will deny Mr. Miller's motion for a more fundamental reason: Mr. Miller's failure to comply with the Court's Local Rules.

5

In the motion, Mr. Miller states that he was awaiting a response from defense counsel regarding whether they would oppose the motion. *See id.* at 2. But the relevant local rule requires all motions for extension of time to state, among other things, whether "opposing counsel or party agrees or objects to the requested extension." LCvR7.1(h)(4). Although Mr. Miller is appearing *pro se*, the Court has previously informed him that "he must 'follow the same rules of procedure that govern other litigants.'" 11/18/2022 Order [Doc. No. 101] at 4 (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). Inherent in the "rules of procedure" that govern all litigants are the Court's Local Rules. Moreover, Mr. Miller provides no legitimate reason why the at-issue deadlines should be extended (other than the fact that he has filed the Petition). Mr. Miller's motion for an extension is therefore denied.

**IT IS THEREFORE ORDERED** that Mr. Miller's Motion to Stay [Doc. No. 247] and Motion for Extension of Time [Doc. No. 248] are **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Miller shall file his response to Defendant's Motion for Attorney's Fees [Doc. No. 194] by September 18, 2023 and his reply in support of his Motion to Compel [Doc. No. 175] by September 18, 2023.[2] Mr. Miller is advised that a response or reply filed after the above dates will be stricken.

---

[2] The Court, *sua sponte*, extends these deadlines beyond the dates set forth in the Court's Order of September 1st to allow sufficient time for Mr. Miller to receive this Order by mail.

**IT IS SO ORDERED** this 12th day of September, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge