IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-20-946-D |
| | ) |
| LEGACY BANK, | ) |
| | ) |
|    Defendant. | ) |

## **ORDER**

Before the Court is Plaintiff Marquise Miller's Third Motion to Compel [Doc. No. 175]. Defendant Legacy Bank timely responded in opposition [Doc. No. 196]. The matter is fully briefed and at issue.[1]

### *Background*

This case concerns Defendant Legacy Bank's denial of a loan application submitted by *pro se* Plaintiff Marquise Miller.[2] Plaintiff, an African American pastor in Oklahoma City, applied for an $80,000.00 commercial loan from Defendant to remodel his property

---

[1] Pursuant to the Court's September 12, 2023 Order [Doc. No. 253], Plaintiff had until September 18, 2023 to file a reply in support of his Motion to Compel. However, Plaintiff did not file a reply by the given deadline.

[2] Where, as here, a party is proceeding *pro se*, the Court is to liberally construe his filings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Although Plaintiff appears *pro se*, he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

located at 2110 N. Lottie Avenue in 2015.[3] Defendant ultimately denied Plaintiff's application based on the "location [of the property], scope of rehabilitation of the property, crime rate in the area, vacancy/abandonment of properties in the surrounding area, and real estate market in the area." Sec. Am. Compl. [Doc. No. 27], ¶ 117. Plaintiff asserts that Defendant denied his loan application because he is African American and because the property is located in a predominately Black neighborhood. After Defendant denied his loan application, Plaintiff sought and obtained an identical loan from Arvest Bank.

In recent months, the parties have filed numerous motions concerning discovery-related disputes. In an order denying thirteen such motions, the Court cautioned the parties that "failure to strictly adhere to proper discovery procedures, and the needless filing of excessive and/or ill-conceived discovery motions, may result in the imposition of sanctions, to include an award of attorney fees against an offending party." 11/18/2022 Order [Doc. No. 101] at 5. Despite the Court's warning, Plaintiff has since filed a number of discovery-related motions, including the instant Motion. By his Motion, Plaintiff seeks an order compelling Defendant to (1) answer an interrogatory, and (2) produce responsive documents to two requests for production. For the reasons set forth herein, Plaintiff's Motion is **DENIED.**

*Discussion*

I.     **Interrogatory No. 16**

Pursuant to FED. R. CIV. P. 33, "a party may serve on any other party no more than

---

[3] Plaintiff considered the Lottie property an investment property. *See* Joint Status Report [Doc. No. 95] (calculating damages based on anticipated rental income).

25 written interrogatories, including all discrete subparts." According to Rule 33's advisory committee notes:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or a stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects.

FED. R. CIV. P. 33 advisory committee's note to 1993 amendment. Although interrogatories "containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question . . . an interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory." *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664-65 (D. Kan. 2004) (citing *Williams v. Bd. of Cnty. Comm'rs of Unified Gov't of Wyandotte Cnty. & Kan. City, Kan., et. al*, 192 F.R.D. 698, 701-702 (D. Kan. 2000)).

Defendant has objected to Interrogatory No. 16, which is included in Plaintiff's fifth set of discovery requests, on the ground that "Plaintiff has exceeded the number of Interrogatories permitted by the Federal Rules of Civil Procedure." *See* Pl.'s Mot. to Compel, Ex. 1 at 4. Plaintiff seeks an order from the Court compelling Defendant to answer the interrogatory at issue.

The Court previously addressed a similar issue in its Order entered April 7, 2023. *See* 4/7/2023 Order [Doc. No. 183]. The Court's April 7, 2023 Order denied Plaintiff's motion to compel [Doc. No. 147], after finding that Interrogatories No. 12 through No. 15, which are enumerated in Plaintiff's fourth set of discovery requests, exceeded the number of interrogatories allowed under FED. R. CIV. P. 33. Upon review, the Court sees no reason

3

to depart from the findings set forth in its April 7, 2023 Order. Because the interrogatory at issue was served *after* Interrogatories No. 12 through No. 15, the Court again concludes that Defendant's objection must be sustained, as Plaintiff has exceeded the number of interrogatories permitted under FED. R. CIV. P. 33.

## II.  Requests for Production

The Court next addresses the following requests for production implicated by Plaintiff's Motion, as well as Defendant's responses:

> Request for Production No. 51: Please produce all of Legacy Bank's Community Reinvestment Act Statements from 2015 to Present.
>
> Response to Request for Production No. 51: [Defendant] objects to this Request for Production No. 51 on the grounds that it is vague and ambiguous with respect to the term "Community Reinvestment Act Statements." [Defendant] will not produce documents in response to Request for Production No. 51 as it is unable to ascertain what documents would be responsive to this request.
>
> Request for Production No. 52: Please produce a copy of Legacy Bank's policies and procedures regarding residential mortgage loans made to applicants who will live in the properties that they are requesting a loan for.
>
> Response to Request for Production No. 52: [Defendant] objects to this Request for Production No. 52 as it seeks documents that are not relevant or proportional to the needs of this case. Plaintiff's claim in this action is based on a loan inquiry for funds to renovate a commercial property that Plaintiff did not intend to reside in. To the extent [Defendant] has specific policies and procedures for loans to applicants who intend to reside in the property 'that they are requesting a loan for,' such policies and procedures have no bearing on the claims or defenses in this case.

Pl.'s Mot. to Compel, Ex. 1 at 5-6.

The Court first addresses Request for Production No. 51. Plaintiff claims that the requested documents "will show [Plaintiff] how much investment [Defendant] has in urban

communities and inner cities, which is where the Lottie Property exist[s]." Pl.'s Mot. to Compel at 11. He argues that courts "recognize that this request for production is not vague or ambiguous." *Id.* at 11. To support his position, he directs the Court to *Lawrence v. First Kan. Bank & Tr. Co.*, 169 F.R.D. 657 (D. Kan. 1996).

Plaintiff's cited caselaw is inapposite. Although *Lawrence* also concerned a motion to compel, the circumstances in *Lawrence* are readily distinguishable from those here. In *Lawrence*, the plaintiff requested that the defendant "be compelled to produce all Community Reinvestment Act statements to the public for 1993, 1994, and 1995." *Id.* at 659. Unlike Defendant Legacy Bank, the defendant in *Lawrence* "neither objected nor responded to the request." *Id.* Acknowledging the "general rule [that] a party who fails to assert timely objections to discovery waives them," the court ordered the statements be produced, as requested. *Id.*

In addition to his citation to *Lawrence*, Plaintiff also cites caselaw which discusses the *purpose* of the Community Reinvestment Act. *See Exchange Bank v. Dir. of the Office of Thrift Supervision*, 29 F. Supp. 2d 1272 (N.D. Okla. 1998). As Defendant notes in its response, neither *Lawrence*, nor *Exchange Bank*, clarify what a Community Reinvestment Act statement is. Thus, Defendant argues that it is unable to determine what "it is being asked to produce without further clarification." Def.'s Resp. at 8. Indeed, aside from his citation to *Lawrence* and *Exchange Bank*, Plaintiff fails to articulate the nature of the documents sought by his request. Accordingly, the Court finds that Defendant's objection to Request for Production No. 51 should be sustained.

The Court next addresses Plaintiff's Request for Production No. 52, which Defendant objects to on the basis that the request "seeks documents that are not relevant or proportional to the needs of [the] case." Pl.'s Mot. to Compel, Ex. 1 at 6. During the course of discovery, relevance is broadly construed to include "'any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). If the discovery sought appears relevant on its face, the resisting party bears the burden of establishing that the requested discovery is not relevant or is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005). On the other hand, "when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request." *Id.* at 382-83.

As noted, Plaintiff sought a commercial loan to rehabilitate the property located at 2110 N. Lottie with the intent of using it as a rental property. Plaintiff's Request for Production No. 52 requests that Defendant produce a copy of its policies and procedures regarding residential mortgage loans made to applicants of owner-occupied properties. Because the Court is unable to readily discern the relevance of the documents sought by Request for Production No. 52 in the context of Plaintiff's ECOA claim, Plaintiff "has the burden to show the relevancy of the request." *Cardenas*, 232 F.R.D. at 382-83.

In his effort to explain the request's relevance, Plaintiff cites to a letter from the Oklahoma State Banking Department (OSBD). *See* 3/31/2016 OSBD Letter [Doc. No. 77-1]. The letter is in response to Plaintiff's complaint filed with OSBD concerning Defendant, Legacy Bank. It contains OSBD's findings and conclusions regarding Defendant's denial of Plaintiff's loan application.

In support of his argument that Request for Production No. 52 is relevant, Plaintiff extensively discusses OSBD's findings, including OSBD's conclusion that Defendant "has not engaged in 'redlining' low- to moderate-income or African American communities." *Id.* at 5. Plaintiff takes issue with OSBD's conclusion, arguing that the conclusion is based on "illogical" assumptions related to the loan's collateral and the property appraisal. Pl.'s Mot. to Compel at 14. Plaintiff then alleges that OSBD "has been extremely hostile to [Plaintiff] during this litigation." *Id.* He theorizes that OSBD's hostility may explain its "fail[ure] to consider obvious facts" in reaching its erroneous conclusion. *Id.* Plaintiff then summarizes a meeting with counsel for OSBD, in which counsel for OSBD "had to walk out of the meeting just to calm down and then he began to stare down [Plaintiff] in an attempt to intimidate him when he came back into the meeting." *Id.* at 15.

Plaintiff's discussion related to OSBD fails to demonstrate the relevance of his request that Defendant produce its policies and procedures regarding residential mortgage loans made to applicants of owner-occupied properties. Because Plaintiff has not carried his burden, Defendant's objection to Request for Production No. 52 must be sustained. *See Cardenas*, 232 F.R.D. at 382.

*Conclusion*

For these reasons, the Court finds that Plaintiff's Third Motion to Compel [Doc. No. 175] must be **DENIED.** Defendant may recover its reasonable expenses and attorney fees incurred in responding to Plaintiff's Motion pursuant to FED. R. CIV. P. 37(a)(5)(B), upon separate application filed within 14 days from the date of this Order.

**IT IS SO ORDERED** this 22nd day of September, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge