## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-20-946-D |
| | ) |
| LEGACY BANK, | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

Before the Court is Defendant Legacy Bank's Motion for Attorney's Fees [Doc. No. 194]. Plaintiff Marquise Miller filed objections [Doc. No. 255], to which Defendant replied [Doc. No. 260]. The matter is fully briefed and at issue.

### *Background*

On April 7, 2023, the Court denied two motions to compel filed by Plaintiff. *See* 4/7/2023 Order [Doc. No. 183]. In so doing, the Court, pursuant to FED. R. CIV. P. 37(a)(5)(B), ordered that Defendant may recover its reasonable attorney fees and expenses incurred in responding to Plaintiff's motions. *Id.* at 6-7.

Accordingly, on April 21, 2023, Defendant filed the instant motion seeking an award of $16,110.00 in attorney fees. *See* Def.'s Mot. Att'y Fees at 2. Defendant relies on a declaration by its counsel of record [Doc. No. 194-1], Robert E. Norman, and the itemized billing records of the Cheek & Falcone, PLLC law firm [Doc. No. 194-2].

Plaintiff has objected to Defendant's request and lodges myriad arguments. *See* Pl.'s Objs. To Att'y Fees. First, Plaintiff argues that Defendant failed to comply with the Court's

Local Rules. *Id.* at 3-4. Second, Plaintiff rehashes several of the arguments found in his underlying motions to compel in arguing that the Court wrongly decided the motions. *Id.* at 5-9, 15-16. Third, Plaintiff argues that, due to defense counsel's legal experience, it was unreasonable to take 55 hours to respond to Plaintiff's motions to compel. *Id.* at 10-13. Fourth, Plaintiff argues that his motions to compel were "based in law and fact." *Id.* at 13-17.

### *Discussion*

FED. R. CIV. P. 37(a)(5)(B) governs remedies available to parties who successfully oppose a motion to compel. Rule 37(a)(5)(B) provides in full:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. Rule 37(a)(5)(B). A monetary award under Rule 37(a)(5)(B) is mandatory, unless it can be shown that the underlying motion was "substantially justified or other circumstances make an award of expenses unjust." *See id.* "A party is substantially justified in filing a motion to compel when they have a reasonable basis in both law and fact to do so." *Lester v. City of Lafayette, Colo.*, No. 13-cv-01997-CMA-MJW, 2015 WL 13613269, at *2 (D. Colo. Feb. 25, 2015) (citing *Pierce v. Underwood*, 487 U.S. 552, 553 (1988)).

I.      **Plaintiff's motions to compel were not substantially justified.**

Plaintiff argues that Defendant's motion should be denied because his "motion to compel was based in law and fact." Pl.'s Objs. To Att'y Fees at 13.[1] Specifically, Plaintiff argues that "Legacy Bank waived all objections to interrogatories 1-11 and its subparts because **Legacy's responses to 1-11 includes conditional responses to subparts,** therefore Mr. Miller had not used his 25 interrogatories, and Legacy was required to respond to Miller's interrogatory questions 12-15." *Id.* at 14 (emphasis in original).

Although unclear, it appears Plaintiff is arguing that, because Defendant objected to Interrogatory Nos. 1-11 and conditioned its responses on those objections, those interrogatories should not count in determining whether Plaintiff served more than the 25 interrogatories allowed for in FED. R. CIV. P. 33. Plaintiff cites two cases in support, but neither stands for the proposition that objected-to interrogatories do not count towards Rule 33's 25-interrogatory cap. *See Ensminger v. Credit Law Ctr., LLC*, No. 19-2147-JWL, 2020 WL 2113207 (D. Kan. May 4, 2020) (noting that conditional discovery responses are not permitted and whenever "an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands"); *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1181 n.5 (10th Cir. 1999) (quoting FED. R. CIV. P. 33(b)(3) and affirming district court's discovery sanction).

---

[1] Plaintiff raises numerous other arguments regarding the underlying merits of his two motions to compel. To the extent warranted, the Court addressed Plaintiff's merits-based arguments in its order denying Plaintiff's motions. *See* 4/7/2023 Order [Doc. No. 183]. Plaintiff also includes arguments aimed at the integrity of defense counsel and the Court. *See* Pl.'s Objs. To Att'y Fees at 5-7, 7-9, 16. The Court need not address these arguments in determining the attorney fee owed to Defendant.

Plaintiff next argues that attorney fees are inappropriate because FED. R. CIV. P. 33 does not define "discrete subparts." *See* Pl.'s Objs. To Att'y Fees at 15. Plaintiff cites *Williams v. Bd. of Cnty. Comm'rs of Unified Gov't of Wyandotte Cnty. & Kan. City, Kan., et al.*, 192 F.R.D. 698 (D. Kan. 2000)—the same case cited in the Court's April 7, 2023 order—in concluding that he could not have known what was meant by "discrete subparts" since "judges and legal scholars" are split on the issue. *Id.*

Even assuming that the term "discrete subparts" is open to interpretation, from November 28, 2022 to February 11, 2023, Plaintiff served five sets of discovery requests, which included interrogatories with over 100 subparts. *See* Def.'s Resp. to Second Mot. to Compel [Doc. No. 163] at 8-11 (chart detailing Plaintiff's served interrogatories and subparts). No reasonable person could conclude that such a number is permitted, even if "discrete subparts" is left undefined by Rule 33. *See* FED. R. CIV. P. 33 advisory committee's note to 1993 Amendment (stating that the "purpose of this [discrete subparts] revision is to reduce the frequency and increase the efficiency of interrogatory practice").

In sum, Plaintiff has failed to show that either of his motions to compel were substantially justified. The Court will, therefore, address the mandatory expenses owed to Defendant under Rule 37(a)(5)(B).

## II.   Although Defendant is entitled to its attorney fees, the $16,110 requested is unreasonable.

Defendant seeks $16,110 in attorney fees. Def.'s Mot. Att'y Fees at 2. Plaintiff sets forth two primary arguments in response to the reasonableness of the amount sought.[2] First, Plaintiff argues that the amount of time spent in responding to his motions to compel is unreasonable. *See* Pl.'s Objs. To Att'y Fees at 10. Second, Plaintiff argues that the $16,110 sought is out-of-line with attorney fees recovered in other cases. *See id.* at 11-13. Defendant claims that $16,110 is a reasonable fee and accounts for the "thoughtfulness and diligence" required in responding to Plaintiff's motions. *See* Def.'s Reply [Doc. No. 260] at 3-5.

The lodestar method, which involves multiplying the number of attorney hours reasonably expended by a reasonable hourly rate, is an "acceptable approach" to determining a reasonable amount of attorney fees to be awarded. *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015). "'[R]easonable' does not necessarily mean actual expenses." *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988). Importantly, the trial court's determination of fees need not be exacting, and "should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (internal quotation omitted).

Here, Defendant seeks recovery of its lead attorney, Robert E. Norman's, time spent responding to Plaintiff's motions to compel. Def.'s Mot. Att'y Fees, Ex. 1 at 1. Defendant

---

[2] Plaintiff makes a related argument that Defendant should not be awarded attorney fees because the motion fails to comply with the Court's Local Rules. *See* Pl.'s Objs. To Att'y Fees at 3-4. As Defendant correctly notes in its reply brief [Doc. No. 260], the motion complies with Local Rules. *See* LCvR54.2.

also seeks recovery of time spent by several non-lawyers: Julie Henry, Jalene Trower, and Priscilla Scoggins. *Id.* at 1-2. Mr. Norman's rate was $325 per hour; Ms. Henry's and Ms. Scoggins' rate was $135 per hour; and Ms. Trower's rate was $115 per hour. Def.'s Mot. Att'y Fees, Ex. 2. The Court is familiar with the rates charged by lawyers and staff in the Oklahoma City metropolitan area, and concludes that the rates charged by Mr. Norman and his firm are reasonable.

Although the hourly rates are reasonable, the Court finds that several of defense counsel's time entries lack sufficient detail to allow the Court to determine the reasonableness of the time spent responding to Plaintiff's motions. Defense counsel "has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). The Court must scrutinize such records to "ensure that the . . . attorneys have exercised 'billing judgment'" by "winnowing the hours actually expended down to the hours reasonably expended." *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). The Court must then assess the reasonableness of the billed hours based on the following factors: "(i) whether the task would normally be billed to a paying client; (ii) the amount of time spent on a given task; (iii) the complexity of the task; (iv) the number of reasonable strategies pursued; (v) the responses necessitated by the maneuvering of the other side; and (vi) duplication of services." *Rivera-Cordero v. Mgmt. and Training Corp.*,

No. 20-1106 KWR/GBW, 2022 WL 59401, at *2 (D.N.M. Jan. 6, 2022) (citing *Case*, 157 F.3d at 1250).

Although billing records should not, and could not possibly, include every detail of every task undertaken, the records are expected to be "meticulous." *See Terra Venture Inc. v. JDN Real Estate-Overland Park, L.P.*, 242 F.R.D. 600, 604 (D. Kan. 2007). Defense counsel's billing records are, for the most, sufficiently meticulous. However, a number of entries lack detail that would allow the Court to determine whether the time spent was justified. For instance, several entries simply state "[f]urther preparation of response" to Plaintiff's motions. *See, e.g.*, Def.'s Mot. Att'y Fees, Ex. 2 at 1 ("Further preparation of response to Miller Motion to Compel"); *id.* at 2 ("Further preparation of response to Miller's Second Motion to Compel"). Additionally, some of these entries include significant time spent, but do not provide any detail regarding how that time was spent further preparing Defendant's response. *See, e.g.*, Def.'s Mot. Att'y Fees, Ex. 2 at 1 (2/1/2023 entry of seven hours all devoted to "[f]urther preparation of response to Miller Motion to Compel").

Clearly, the abundance of arguments raised by Plaintiff in his motions required significant work by defense counsel in order to craft responses. But, without the meticulous detail required, the Court is unable to assess the reasonableness of a number of time entries and agrees with Plaintiff that, on its face, $16,110 spent in responding to two motions to compel is unreasonable. The Court will, therefore, apply a 50% deduction to the $16,110 sought, which reduces Defendant's attorney fee award to $8,055. *See Okla. Nat'l Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1265 (N.D. Okla. 2004) ("Instead, the undersigned

will adopt the tack taken by courts that have used a general reduction to compensate for hours not properly recorded.") (citing cases); *see also Ace Oilfield Rentals, LLC v. W. Dakota Welding and Fabrication, LLC*, No. CIV-15-672-D, 2021 WL 4471611, at *1 (W.D. Okla. Sept. 29, 2021) (awarding $4,522.93 associated with 20.1 hours spent in responding to a motion to compel and renewed motion to compel).

### *Conclusion*

For these reasons, Defendant's Motion for Attorney's Fees [Doc. No. 194] is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**IT IS THEREFORE ORDERED** that Plaintiff shall pay $8,055 to Defendant by delivery of a check or other appropriate form of payment to Defendant's attorneys within thirty (30) days of this Order. Plaintiff's failure to comply with the 30-day deadline may result in monetary or non-monetary sanctions, to be determined by the Court based on the circumstances of the violation. **Such sanctions may include dismissal with prejudice.** Further, any failure to abide by the requirements of this Order, including disruptive conduct that interferes with the goals of this Order and the conduct of orderly proceedings, may be treated as a contempt of court.

**IT IS SO ORDERED** this 6th day of October, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge