IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-946-D |
| | ) |
| LEGACY BANK, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the Court are two motions to compel filed by Defendant Legacy Bank [Doc. Nos. 153, 174]. Plaintiff Marquise Miller has responded to each motion [Doc. Nos. 169, 195], to which Defendant replied [Doc. Nos. 173, 198]. The motions are fully briefed and at issue.

### *Background*

This case concerns Defendant's denial of a loan application submitted by Plaintiff. Plaintiff, an African American pastor in Oklahoma City, applied for an $80,000.00 commercial loan from Defendant to remodel his property located at 2110 N. Lottie Avenue (the "Lottie Property") in 2015.[1] Defendant ultimately denied Plaintiff's application based on the "location [of the property], scope of rehabilitation of the property, crime rate in the area, vacancy/abandonment of properties in the surrounding area, and real estate market in the area." Sec. Am. Compl. [Doc. No. 27], ¶ 117. Plaintiff asserts that Defendant denied

---

[1] Plaintiff considered the Lottie property an investment property. *See* Joint Status Report [Doc. No. 95] (calculating damages based on anticipated rental income).

his loan application because he is African American and because the property is located in a predominately Black neighborhood. After Defendant denied his loan application, Plaintiff sought and obtained an identical loan from Arvest Bank.

In its first motion, Defendant seeks an order compelling Plaintiff to adequately respond to interrogatories regarding: rehabilitation of the proposed loan collateral (Interrogatory Nos. 1-4, 9, 10, 14, and 15); damages (Interrogatory Nos. 5-7, 11, and 18); communications about alleged discrimination (Interrogatory No. 8); and treatment of similarly situated non-minorities (Interrogatory Nos. 16-17). *See* Def.'s First Mot. to Compel [Doc. No. 153] at 4-13. Defendant also seeks an order compelling Plaintiff to produce documents responsive to Defendant's first sixteen requests for production. *Id.* at 14-15.

In its second motion, Defendant seeks an order compelling Plaintiff to adequately respond to interrogatories regarding: Plaintiff's purported offer to provide more collateral to secure the at-issue loan (Interrogatory No. 19); and receipts and expenses related to any renovations at the Lottie property (Interrogatory No. 20). *See* Def.'s Second Mot. to Compel [Doc. No. 174] at 3-5. Defendant also seeks an order compelling Plaintiff to produce documents responsive to Defendant's Request for Production No. 17, and to adequately respond to Requests for Admission Nos. 2, 8, and 9. *Id.* at 6-7.

*Discussion*

I.    **Defendant's First Motion to Compel [Doc. No. 153]**[2]

    A.    **Interrogatory Nos. 1-4, 9, 10, 14, and 15**

The Court first addresses the above interrogatories, which, according to Defendant, relate to the "Loan Request and Rehabilitation of the Proposed Loan Collateral." *See* Def.'s First Mot. to Compel at 4. These interrogatories, and Plaintiff's objections and responses, are set forth in full in Exhibit 1 to Defendant's motion and need not be repeated here. *See* Def.'s First Mot. to Compel, Ex. 1 [Doc. No. 153-1]. The Court will address objections that appear in numerous of Plaintiff's responses and, where appropriate, specific objections to specific interrogatories.

Interrogatory Nos. 1-4, 9, 10, 14, and 15 seek relevant information on their face. Plaintiff, therefore, bears the burden of establishing that the requested discovery is not relevant or is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005).

In several of his responses, Plaintiff refuses to answer because doing so would force him to speculate on events or information from years ago. *See, e.g.*, Def.'s First Mot. to Compel, Ex. 1 at 25. A party, in responding to discovery requests, is not typically required to speculate, guess, or generate information that does not already exist. The same is true for Plaintiff. To the extent he genuinely cannot recall certain details relevant to each

---

[2] For ease of reference, the Court groups the interrogatories and requests together and addresses them in the order addressed in Defendant's motions.

3

interrogatory, he is free to state as much in response. However, Plaintiff must provide a good-faith answer to each interrogatory, based on all information available to him. As Defendant notes, Plaintiff "may well not remember everything, but he is obliged to disclose what he does remember . . . under oath." Def.'s Reply at 5.

Plaintiff also attempts to justify several of his objections by delving into the merits of this case. *See, e.g.*, Def.'s First Mot. to Compel, Ex. 1 at 26-27. Plaintiff's merits-based arguments may very well hold water at trial, but they fail to do so during discovery. *See Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (construing "relevance" for purposes of discovery to include "'any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The Court need not address the underlying merits of this case to decide Defendant's discovery motions.

In response to Interrogatory Nos. 9 and 15, Plaintiff objects on the grounds that the information sought is equally available to Defendant. *See* Def.'s First Mot. to Compel, Ex. 1 at 35-36, 42. This is not a valid objection. *See Jackson v. W. Va. Univ. Hosp., Inc.*, No. 1:10cv107, 2011 WL 1831591, at *2 (N.D. W. Va. May 12, 2011) (holding that parties cannot avoid their discovery obligations by stating that "the discovery sought . . . can be obtained from some other source"); *see also City Consumer Services v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983) (stating that it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.").[3]

---

[3] At numerous points throughout his discovery responses, Plaintiff relies on *United States v. Se. Okla. State Univ.*, No. CIV-15-324-C, 2016 WL 4250482, at *2 (W.D. Okla. Aug. 10,

4

In sum, Plaintiff fails to carry his burden in showing that Interrogatory Nos. 1-4, 9, 10, 14, and 15 seek information that is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas*, 232 F.R.D. at 382. Nor has Plaintiff asserted any other meritorious objection. Plaintiff's objections to these interrogatories are, therefore, overruled.[4]

---

2016) for the proposition that "public information that is equally available to Defendant as to Plaintiff . . . is not proper discovery." *See, e.g.*, Def.'s First Mot. to Compel, Ex. 1 at 5. In several instances, however, the information Defendant seeks is not "public information." For example, Interrogatory No. 9 seeks information regarding each loan application Plaintiff has submitted to Defendant. *Id.* at 35. That certainly is not public information.

[4] The Court calls FED. R. CIV. P. 33(d) to Plaintiff's attention. Rule 33(d) states in full:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

FED. R. CIV. P. 33(d). To the extent a specific interrogatory, such as Interrogatory No. 3, asks Plaintiff to identify documents, Plaintiff, pursuant to Rule 33(d), may elect to produce his business records that are responsive to the interrogatory. The Court cautions Plaintiff, however, that he may not simply produce documents with no context provided. Rather, Plaintiff must inform Defendant which documents are responsive to which interrogatories. *See* 8B FED. PRAC. & PROC. CIV. § 2178 (3d ed.) ("Finally, the responding party must specify which records contain the information sought by the interrogatory.").

### B.     Interrogatory Nos. 5, 6, 7, 11, and 18

Interrogatory Nos. 5, 6, 7, 11, and 18 relate to Plaintiff's alleged damages. *See* Def.'s First Mot. to Compel at 8. Defendant argues that, because Plaintiff bases "his damages on the income-generating capacity of the Lottie Property," "[i]nformation that bears on the actual income-generating capacity of the Lottie Property is relevant in this case, as is information concerning voluntary transfers of the property." *Id.* at 8-9.

Interrogatory Nos. 5, 6, 7, 11, and 18 seek relevant information on their face. Plaintiff, therefore, bears the burden of establishing that the requested discovery is not relevant or is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas*, 232 F.R.D. at 382. The Court addresses each interrogatory in turn below.

#### 1.     Interrogatory No. 5

Interrogatory No. 5 asks Plaintiff whether any of the buildings on the Lottie Property have been used or leased since September 1, 2015 and, if so, to identify and describe details regarding the use or lease. *See* Def.'s First Mot. to Compel, Ex. 1 at 30. Plaintiff lodges burden and relevance objections. *Id.* He claims that locating responsive documents would take a "considerable amount of time and effort" and he "does not know where he could even find this information because [he] has no need to keep" old lease agreements. *Id.* at 30-31. To the extent Plaintiff does not have responsive documents or information, he is free to state as much. However, the need to expend a "considerable amount of time and effort" does not relieve Plaintiff from adequately responding to discovery requests unless he can show that "the claimed hardship is unreasonable in light of the benefits to be secured from

the discovery." *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 666 (D. Kan. 2004). Plaintiff has placed the use of the buildings on the Lottie Property at issue by claiming $62.3 million in damages. Defendant is entitled to discovery on the issue, despite Plaintiff's vague claims of undue burden.

Plaintiff also objects on confidentiality grounds, stating that disclosing responsive information would "require [him] to violate the financial privacy that is expected between him and his tenants." *See* Def.'s First Mot. to Compel, Ex. 1 at 31. It is unclear, exactly, what confidential information might be contained within Plaintiff's tenants' leases, but, to the extent portions do contain confidential information (such as Social Security numbers, dates of birth, etc.), Plaintiff may redact said information before producing it to Defendant. If Plaintiff does opt to redact certain portions of the leases, he shall prepare and serve on Defendant a rule-compliant privilege log. *See Kizer v. N. Am. Transport Servs., LLC*, No. CIV-18-846-D, 2020 WL 1161094, at *2 (W.D. Okla. Mar. 10, 2020) ("A privilege log must contain specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed. A privilege log meets this standard, even if not detailed, if it identifies the nature of each document, the date of its transmission or creation, the author and recipients, the subject and the privilege asserted.") (internal citations and quotation marks omitted). Plaintiff's objections to Interrogatory No. 5 are overruled.

    **2.**    **Interrogatory No. 6**

Interrogatory No. 6 asks Plaintiff about potential records of income generated through commercial use or leasing of the Lottie Property. *See* Def.'s First Mot. to Compel,

7

Ex. 1 at 33. Plaintiff refers Defendant to his objections and response to Interrogatory No. 5. *Id.* at 33-34. For the same reasons given above regarding his objections to Interrogatory No. 5, Plaintiff's objections to Interrogatory No. 6 are overruled.

### 3. Interrogatory No. 7

Interrogatory No. 7 asks Plaintiff whether there has been any transfer of ownership of the Lottie Property. *See id.* at 34. Plaintiff lodges burden and relevance objections. *Id.* Plaintiff also objects on equal availability grounds. *Id.* Plaintiff's objection on the basis that the information is equally available to Plaintiff is overruled. *See Jackson*, 2011 WL 1831591, at *2 (holding that parties cannot avoid their discovery obligations by stating that "the discovery sought . . . can be obtained from some other source"); *see also Horne*, 100 F.R.D. at 747 (stating that it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record").

Plaintiff's relevance and burden objections are likewise overruled. Plaintiff states in his response that he "is the only owner of the Lottie Property, and has been since he purchased the property." Pl.'s Resp. to First Mot. to Compel at 14. If that is true, Plaintiff should state as much in his response to Interrogatory No. 7, not in a brief filed in response to a motion to compel. Plaintiff's objections to Interrogatory No. 7 are overruled.

### 4. Interrogatory No. 11

Interrogatory No. 11 asks Plaintiff to describe damages he claims were incurred because of actions, or inaction, of Defendant. *See* Def.'s First Mot. to Compel, Ex. 1 at 37-38. Plaintiff lodges a burden objection and claims that the Tenth Circuit "does not require [him] to detail his damages with 'specificity.'" *See id.* at 38. Plaintiff also argues that he is

8

permitted to testify as to his own damages, which, apparently, relieves him of any obligation to engage in discovery on those claimed damages. *See id.* at 38-39. Defendant argues that FED. R. CIV. P. 26 "requires computation of each category of damages claimed," *see* Def.'s First Mot. to Compel at 10, and that Plaintiff's arguments regarding his ability to testify to his own damages do not relieve him of his obligation to produce relevant information, *see* Def.'s Reply at 3-5.

This case is still in the discovery phase, and Defendant is permitted to discover relevant information related to Plaintiff's claimed damages. *See* 23 AM. JUR. 2d Depositions and Discovery § 39 ("Discovery as to damages is as much available to a party as discovery on the merits of a claim."). Plaintiff's objections to Interrogatory No. 11 are overruled.

### 5.     Interrogatory No. 18

Interrogatory No. 18 asks Plaintiff to identify any medical treatment he has received that he attributes to the actions, or inaction, of Defendant. *See* Def.'s First Mot. to Compel, Ex. 1 at 43. Plaintiff lodges objections similar to those lodged in response to Interrogatory No. 11. *See id.* at 43-44. Plaintiff also claims that the interrogatory "is subject to patient-doctor privilege and psycho-therapist- patient privilege." *Id.* at 43. Defendant argues that Plaintiff has waived the psychotherapist-patient privilege by placing his psychological state at issue. Def.'s First Mot. to Compel at 10. Defendant also argues that "alternative causes of emotional distress are relevant to a parties' emotional distress claim." *Id.*

Although the mere filing of a complaint claiming emotional distress, without more, "does not necessarily put an individual's mental state 'at issue,'" Plaintiff, in denying

9

Requests for Admission Nos. 3-7, has gone further. *See Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261, at *7 (D. Colo. Jan. 8, 2021); *see also* Def.'s First Mot. to Compel, Ex. 4 [Doc. No. 153-4]. Plaintiff's request for emotional distress damages, along with his responses to the above-mentioned requests for admission, has placed his psychological state at issue. Defendant is, therefore, entitled to discovery on those claimed damages. *See Fisher v. Sw. Bell Tel. Co.*, 361 Fed. App'x 974, 978 (10th Cir. 2010) ("We agree with the district court that Ms. Fisher's request for emotional-distress damages placed her psychological state in issue and entitled SWBT to discover her therapy records.").

Additionally, Defendant is entitled to discovery on Plaintiff's medical and psychological records, as those records could shed light on alternative causes of Plaintiff's alleged emotional distress. *See Ledezma*, 2021 WL 2823261, at *7 ("[D]efendants are permitted to seek and offer evidence regarding alternative sources of Plaintiff's 'emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.'") (citing *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 957 (10th Cir. 1996)). Plaintiff's objections to Interrogatory No. 18 are overruled.

### C. Interrogatory No. 8

Interrogatory No. 8 asks Plaintiff to identify individuals, if any, who he has communicated with regarding Defendant's alleged discrimination. Def.'s First Mot. to Compel, Ex. 1 at 34-35. In response, Plaintiff lodges a burden objection and claims that Defendant "has admitted that they already have social media posting in this regard . . . ." *Id.* at 35.

Defendant states that it is in possession of one of Plaintiff's relevant social media posts. *See* Def.'s First Mot. to Compel at 12-13. It appears that Defendant obtained the post through its own efforts, since Plaintiff has failed to produce any documents in this case. Defendant's possession of one social media post does not relieve Plaintiff of his obligation to respond to Interrogatory No. 8—an interrogatory seeking relevant information. If the social media post referenced in Defendant's motion is the lone source of information responsive to Interrogatory No. 8, Plaintiff is free to state as much. However, Interrogatory No. 8 also seeks information regarding "email, text, [and] instant or direct messaging." Def.'s First Mot. to Compel, Ex. 1 at 34. Plaintiff must provide a good-faith response to the entirety of Interrogatory No. 8.

Plaintiff also argues in his response that searching through his social media history and messages for responsive information would be unduly burdensome. *See* Pl.'s Resp. to First Mot. to Compel at 18. This argument is unpersuasive, considering various search functions and filtering options available on modern cell phones and social media platforms. Further, even assuming there is a burden associated with such a search, Plaintiff has failed to show that the information sought is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas*, 232 F.R.D. at 382. Plaintiff's objections to Interrogatory No. 8 are overruled.

**D.     Interrogatory Nos. 16 and 17**

Interrogatory Nos. 16 and 17 "request that Plaintiff identify any communications he has had with any person whom he believes was treated more favorably than him by Legacy

11

Bank and any documents or information that Plaintiff believes demonstrate that similarly situated non-minorities were treated more favorably than [sic] Legacy Bank." Def.'s First Mot. to Compel at 13. In response, Plaintiff lodges relevance and equal availability objections, and claims information responsive to Interrogatory No. 16 is subject to the work-product doctrine. *See* Def.'s First Mot. to Compel, Ex. 1 at 42-43.

Interrogatory Nos. 16 and 17 seek relevant information on their face. Indeed, as Defendants note, allegations related to Defendant's treatment of Plaintiff compared to non-minority loan applicants appear on the face of Plaintiff's Second Amended Complaint. *See, e.g.*, Sec. Am. Compl., ¶ 51. Plaintiff, therefore, bears the burden of establishing that the requested discovery is not relevant or is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas*, 232 F.R.D. at 382.

Plaintiff relies on various cases and asserts a merits-based argument regarding what evidence is required to prove his claims and what cases govern his claims. *See* Pl.'s Resp. to First Mot. to Compel at 16-17. The Court need not address Plaintiff's arguments at this time. Interrogatory Nos. 16 and 17 seek information directly related to an allegation in Plaintiff's operative Complaint. Defendant is entitled to discovery on Plaintiff's allegation that Defendant treated Plaintiff differently than non-minority loan applicants. *See Kennicott*, 327 F.R.D. at 469 (construing "relevance" for purposes of discovery to include "'any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense"). Plaintiff's objections to Interrogatory Nos. 16 and 17 are overruled.

E.  **Request for Production Nos. 1-16**

Defendant argues that Request for Production Nos. 1-16 each seek relevant documents, and that Plaintiff has taken the "unreasonable" position of refusing to produce any documents. *See* Def.'s First Mot. to Compel at 15. Plaintiff generally argues that Defendant "was required to show why good cause exist [sic] for the production of these documents in their opening brief but have failed to do so." *See* Pl.'s Resp. to First Mot. to Compel at 17.

Plaintiff first relies on *Vaughn v. Chrysler Corp.* for the proposition that it is "the duty of the moving party explicitly to show in his motion or by a supporting affidavit that 'good cause' exists for the production of the document." 46 F.R.D. 6, 8 (W.D. Okla 1969). *Vaughn* involved an older version of FED. R. CIV. P. 34, which included the cited "good cause" requirement. Rule 34 was amended in 1970, and the drafters, among other things, dispensed with the "good cause" requirement. *See* FED. R. CIV. P. 34 advisory committee's note to 1970 amendment. Defendant is not required to make such a showing.

Plaintiff next relies on *Monroe v. City of Lawrence, Kan.* for the proposition that "[r]equests for production must be stated with reasonable particularity." No. 13–cv–2086–EFM–DJW, 2013 WL 6796488, at *4 (D. Kan. Dec. 20, 2013). The Court agrees with that general proposition. However, Plaintiff fails to point to any specific request he claims is not stated with reasonable particularity. Moreover, a review of Plaintiff's responses and objections to Defendant's requests for production yields only one objection where Plaintiff claims the relevant request is "vague and ambiguous," though Plaintiff does not explain how the request is vague and ambigous. *See* Def.'s First Mot. to Compel, Ex. 1 at 11.

13

Last, Plaintiff argues that his tax returns are not discoverable and relies on *Sanderson v. Winner*, 507 F.2d 477 (10th Cir. 1974). *See* Pl.'s Resp. to First Mot. to Compel at 19. Although the Tenth Circuit held that "[t]ax returns are not generally discoverable," it included an important caveat: tax returns are discoverable "when the plaintiff's income is directly in issue." *Id.* at 480. Plaintiff has placed his income directly at issue in this case by claiming, in his operative Complaint, that the "same year Legacy denied [him] the loan, his income was over 100,000.00." *See* Sec. Am. Compl., ¶ 31; *see also id.*, ¶¶ 33, 36, 140. Defendant is, therefore, entitled to discovery on Plaintiff's alleged income, including his tax returns. *See Biliske v. Am. Live Stock Ins. Co.*, 73 F.R.D. 124, 126 n.1 (W.D. Okla. 1977) ("Where the litigant himself tenders an issue as to the amount of his income, there is no privilege against disclosure of his tax returns and they become legitimate subjects of inquiry under discovery procedure.").[5]

In sum, Defendant's Request for Production Nos. 1-16 seek relevant information on their face. Plaintiff has failed to carry his burden to show that the information sought is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas*, 232 F.R.D. at 382. Plaintiff's objections to Request for Production Nos. 1-16 are overruled.

---

[5] To the extent Plaintiff's tax returns contain sensitive information, Plaintiff may produce redacted versions and provide Defendant with a privilege log, as described *supra*.

## II.     Defendant's Second Motion to Compel [Doc. No. 174]

### A.     Interrogatory No. 19

Interrogatory No. 19 asks Plaintiff to "[d]escribe the offer [he] made to Legacy Bank to provide more collateral than 2110 N. Lottie, Oklahoma City, Oklahoma 73111, to secure the loan you requested from Legacy bank." Def.'s Sec. Mot. to Compel at 3-4. Plaintiff objected to the interrogatory on the grounds that "it assumes Mr. Miller was given the opportunity to offer additional collateral" and "assumes that the Lottie Property was not sufficient collateral." Def.'s Sec. Mot. to Compel, Ex. 2 [Doc. No. 174-2] at 6.

If Plaintiff did not offer to provide more collateral, he is free to state as much in his response. However, his contention that the interrogatory assumes that the Lottie Property was insufficient collateral is meritless. So too are Plaintiff's objections regarding the appropriate type of appraisal for the Lottie Property. Interrogatory No. 19 simply asks Plaintiff to describe any offer to provide more collateral than the Lottie Property, which is relevant information in this case. Plaintiff's objections to Interrogatory No. 19 are overruled.

### B.     Interrogatory No. 20

Interrogatory No. 20 asks Plaintiff if he has "ever prepared" various documents "to itemize or store receipts and expenses" related to renovations to the Lottie Property and, if so, to describe those documents. Def.'s Sec. Mot. to Compel at 4. Plaintiff lodges an overbreadth and vagueness objection. Def.'s Sec. Mot. to Compel, ex. 2 at 9.

Interrogatory No. 20 is not overbroad simply because it uses the phrase "[h]ave you ever," as the interrogatory is necessarily limited to the timeframe from when Plaintiff

acquired the Lottie Property until present. Plaintiff's objection to the word "particularity" is similarly unconvincing. As Defendant notes, Plaintiff waited nearly five years to file this lawsuit. Plaintiff cannot shirk Defendant's attempts to discover relevant information simply because it would be difficult to remember details from 2015—*i.e.*, when the facts giving rise to this lawsuit occurred. As the Court has stated throughout this Order, if Plaintiff genuinely cannot remember certain information, he is free to state as much in his responses. But just because a request seeks information from years ago is no reason to lodge objections. Plaintiff's objections to Interrogatory No. 20 are overruled.

### C.   Request for Production No. 17

Request for Production No. 17 seeks "documents or items identified in Interrogatories 19 and 20." Def.'s Sec. Mot. to Compel at 5. Plaintiff states that there "are no documents to provide." Def.'s Sec. Mot. to Compel, Ex. 2 at 9.

As explained above, Plaintiff must provide a good-faith response to Interrogatory Nos. 19 and 20. In so doing, if Plaintiff identifies documents, he must produce them in response to Request for Production No. 17. If, after a good-faith investigation and response, Plaintiff cannot identify any documents responsive to Interrogatory Nos. 19 and 20, he is free to reassert his current response to Request for Production No. 17.

### D.   Request for Admission No. 2

Request for Admission No. 2 asks Plaintiff to admit that "on October 19, 2015, [he] had not yet prepared, or obtained, a written budget for renovations or improvements to be made to" the Lottie Property. Def.'s Sec. Mot. to Compel at 6. Plaintiff objects on the grounds that the request assumes "Legacy Bank required a written budget for renovations

16

or improvements to be made to Lottie Avenue." Def.'s Sec. Mot. to Compel, Ex. 1 [Doc. No. 174-1] at 2.

The Court disagrees with Plaintiff that the request makes such an assumption. It simply asks Plaintiff to admit or deny whether he had prepared, or obtained, a written budget. He must provide a good-faith response. Plaintiff's objections to Request for Admission No. 2 are overruled.

### E.  Request for Admission Nos. 8 and 9

Request for Admission No. 8 asks Plaintiff to admit that "Legacy Bank suggested that [he] allow them to freeze money in [his] account to secure the loan [he] requested." Def.'s Sec. Mot. to Compel at 6. Request for Admission No. 9 asks Plaintiff to admit that "[he] was not agreeable to allowing Legacy Bank to freeze money in [his] account to secure the loan [he] requested." *Id.* In response to each request, Plaintiff states he cannot admit or deny the request "because it is built on a false premise of what" a loan "truly is." Def.'s Sec. Mot. to Compel, Ex. 2 at 2-3.

It is unclear to the Court what exactly Plaintiff's objections are. Request for Admission Nos. 8 and 9 seek relevant information as to whether Plaintiff was offered, but refused, a cash-secured loan. Certainly, if Defendant offered Plaintiff different loan options that Plaintiff refused, that would go to Plaintiff's contention that he was denied a loan based on his race. Plaintiff's objections to Request for Admission Nos. 8 and 9 are overruled.

### *Conclusion*

For these reasons, the Court finds that Defendant's March 3, 2023 Motion to Compel [Doc. No. 153] and March 31, 2023 Motion to Compel [Doc. No. 174] are **GRANTED**, as

more fully set forth herein. Within thirty (30) days of this Order, Plaintiff shall: (1) supplement his discovery responses addressed herein to fully, specifically, and in good-faith respond to each discovery request; and (2) produce all responsive documents in compliance with FED. R. CIV. P. 34.

Plaintiff's failure to comply with the above 30-day deadline may result in monetary or non-monetary sanctions, to be determined by the Court based on the circumstances of the violation. **<u>Such sanctions may include dismissal with prejudice.</u>** Further, any failure to abide by the requirements of this Order, including disruptive conduct that interferes with the goals of this Order and the conduct of orderly proceedings, may be treated as a contempt of court.

The parties shall bear their own costs and fees associated with Defendant's motions.

**IT IS SO ORDERED** this 13th day of October, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge