IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-946-D |
| LEGACY BANK, | ) ) ) |
| Defendant. | ) ) |

# **ORDER**

Before the Court is Plaintiff Marquise Miller's Motion to Strike Doc. No. 265-1[1] From the Record [Doc. No. 266]. Defendant has responded [Doc. No. 272], and Plaintiff's time to file a reply has expired. The matter is fully briefed and at issue.

Plaintiff argues that, because Defendant did not include Doc. No. 256-1 in its response to Plaintiff's Motion to Deem Request for Admissions Admitted [Doc. No. 112], the Court should strike the document from the record. *See* Pl.'s Mot. to Strike at 2. By way of background, Doc. No. 256-1 is an email from defense counsel to Plaintiff in which defense counsel transmitted Defendant's responses to Plaintiff's fifth set of discovery requests. Defendant attached the email to its response to Plaintiff's Motion to Alter or Amend Judgment [Doc. No. 242], wherein Plaintiff argued that his requests for admission should be deemed admitted for myriad reasons. In his reply in support of his Motion to Alter or Amend Judgment [Doc. No. 259], Plaintiff asserted that the email from defense

---

[1] Although the title of Plaintiff's motion refers to Doc. No. 265-1, the Court understands Plaintiff to be referring to Doc. No. 256-1, which is the email discussed herein.

counsel was fabricated. To respond to Plaintiff's serious allegation, Defendant moved for leave to file a supplemental brief addressing Plaintiff's fabrication claim [Doc. No. 262]. The Court granted Defendant's motion [Doc. No. 265], and Defendant filed its supplemental brief on October 5, 2023 [Doc. No. 269]. Plaintiff does not repeat his fabrication claim in the instant motion, however.

Defendant argues that, because neither its response brief nor an exhibit attached to its response brief is a "pleading" as defined by FED. R. CIV. P. 7(a), "a motion to strike a filing that is not a 'pleading' is improper." Def.'s Resp. at 2. The Court agrees. The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Federal Rules of Civil Procedure go on to define "pleading," but do not include a brief or an exhibit to a brief in that definition. *See* FED. R. CIV. P. 7(a). "Accordingly, FED. R. CIV. P. 12(f) is not the appropriate procedural vehicle to address Plaintiff's concerns . . . ." *Miller v. Snider*, No. CIV-22-507-D, 2023 WL 320006, at *1 (W.D. Okla. Jan. 19, 2023); *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed.) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Doc. No. 265-1 From the Record [Doc. No. 266] is **DENIED**.

3

**IT IS SO ORDERED** this 1st day of November, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge