# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARQUISE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-946-D |
| | ) | |
| LEGACY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Legacy Bank's Motion for Assessment of Attorney's Fees [Doc. No. 264]. Plaintiff filed a response [Doc. No. 275], to which Defendant replied [Doc. No. 279]. The matter is fully briefed and at issue.

### *Background*

On September 22, 2023, the Court denied Plaintiff's motion to compel. *See* 9/22/2023 Order [Doc. No. 258]. In so doing, the Court, pursuant to FED. R. CIV. P. 37(a)(5)(B), ordered that Defendant may recover its reasonable attorney fees and expenses incurred in responding to Plaintiff's motion. *Id.* at 8.

Accordingly, on September 29, 2023, Defendant filed the instant motion seeking an award of $4,770.00 in attorney fees. *See* Def.'s Mot. Att'y Fees at 2. Defendant relies on a declaration by its counsel of record [Doc. No. 264-2], Robert E. Norman, and the itemized billing records of the Cheek & Falcone, PLLC law firm [Doc. No. 264-1].

Plaintiff has objected to Defendant's request and lodges numerous arguments, many of which rehash arguments irrelevant to the issue of whether Defendant is entitled to the

attorney fees sought. *See generally* Pl.'s Objs. First, Plaintiff sets forth two arguments related to his underlying motion to compel, presumably in an attempt to show that his motion was substantially justified. *Id.* at 3-7, 9-12. Second, Plaintiff takes aim at the Court's goal and intent in awarding attorney fees. *Id.* at 7, 12-13. Third, Plaintiff argues that the attorney fees sought are out-of-line with "what other lawyers have charged in the Western District of Oklahoma in order to respond to a motion to compel and/or bringing one forward." *Id.* at 7-8. Fourth, Plaintiff argues that the Court should not impose attorney fees simply because it disagrees with Plaintiff's position. *Id.* at 12. Plaintiff goes on to argue that, because he is not an attorney, "it would be even more unfair to sanction him through the imposition of attorney fees because a judge disagrees with him . . . ." *Id.* at 13.

## Discussion

FED. R. CIV. P. 37 governs remedies available to parties who successfully oppose a motion to compel. Rule 37(a)(5)(B) provides in full:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(B). A monetary award under Rule 37(a)(5)(B) is mandatory, unless it can be shown that the underlying motion was "substantially justified or other circumstances make an award of expenses unjust." *See id.* "A party is substantially justified in filing a motion to compel when they have a reasonable basis in both law and fact to do

so." *Lester v. City of Lafayette, Colo.*, No. 13-cv-01997-CMA-MJW, 2015 WL 13613269, at *2 (D. Colo. Feb. 25, 2015) (citing *Pierce v. Underwood*, 487 U.S. 552, 553 (1988)).

I.    **Plaintiff's motion to compel was not substantially justified.**

In liberally construing Plaintiff's arguments[1], Plaintiff first argues that his motion was substantially justified because Defendant's "own website defines and states what a Community Reinvestment Statement is." Pl.'s Objs. at 3. Plaintiff further argues that Defendant's "vague and ambiguous" objection to his Request for Production No. 51 could have potentially been resolved during a meet-and-confer. *Id.*

The Court agrees that a meet-and-confer between the parties could have potentially provided clarity regarding what, exactly, Plaintiff sought in his request. But there is no evidence before the Court that Plaintiff did, or even tried, to meet-and-confer on the scope of his request before filing his motion to compel. In any event, this does not support any contention that Plaintiff's motion was substantially justified.

Additionally, Plaintiff's references to Defendant's website and its mention of the Community Reinvestment Act do not support his contention that Defendant, therefore, knows what a "Community Reinvestment Act Statement" is. *See id.* at 4-5. Defendant's website, apparently, does contain references to the Community Reinvestment Act, but nowhere is there any reference to a Community Reinvestment Act Statement, as Plaintiff

---

[1] Where, as here, a party is proceeding pro se, the Court is to liberally construe his filings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

suggests. *Id.* This, too, does not support any contention that Plaintiff's motion was substantially justified.

Plaintiff next argues that, because the "Supreme Court does not consider commercial real estate as opposed to residential real estate as a significant factor to be considered," the Court should have ordered Defendant to produce documents in response to Plaintiff's Request for Production No. 52. *See id.* at 5-7. The Court agrees with Defendant that Plaintiff's cited caselaw and argument does not support any contention that Plaintiff's motion was substantially justified.[2] *See* Def.'s Reply at 2.

## II.   Plaintiff's arguments regarding the Court's goal and intent in ordering Plaintiff to pay attorney fees are unfounded.

Plaintiff lodges several arguments attacking the Court's impartiality and questioning its goal and intent in ordering Plaintiff to pay attorney fees in connection with his unsuccessful discovery motions. *See id.* at 7, 12-13. Plaintiff first claims that the Court has ordered him to pay attorney fees "as a way to get Mr. Miller to go away instead of allowing this case to be decided on its merits." *Id.* at 7. To be clear, the Court prefers for this case to be decided on the merits, and has issued orders designed to facilitate the completion of discovery and advancement of a determination on the merits, but this in no way factors into its decision-making in ordering, or not ordering, Plaintiff to pay attorney fees under Rule 37.

_____

[2] Plaintiff also rehashes his argument regarding interrogatory subparts and Defendant's purported waiver of certain objections. *See* Pl.'s Objs. at 9-12. As Defendant notes in its reply, the Court has addressed this argument on numerous occasions and need not do so again here. *See* Def.'s Reply at 2-3.

Plaintiff next argues that the Court should not order him to pay attorney fees simply because the Court disagrees with him. *See id.* at 12. The Court has not, and will not, award attorney fees based merely on the fact that the Court might disagree with a litigant's position. Still, Rule 37 expressly requires consideration of whether a party's position in connection with a motion to compel is "substantially justified," and whether that standard is met is a determination that must be made by the Court.

## III.    Defendant is entitled to the $4,770.00 attorney fee requested.

Defendant seeks $4,770.00 in attorney fees. Def.'s Mot. Att'y Fees at 2. Plaintiff argues that the amount sought is out-of-line with what is typically awarded in bringing, or defending, a motion to compel. Pl.'s Objs. at 7-9.

The lodestar method, which involves multiplying the number of attorney hours reasonably expended by a reasonable hourly rate, is an "acceptable approach" to determining a reasonable amount of attorney fees to be awarded. *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015). "'[R]easonable' does not necessarily mean actual expenses." *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988). Importantly, the trial court's determination of fees need not be exacting, and "should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (internal quotation omitted).

Here, Defendant seeks recovery of its counsel, Robert E. Norman's and Jamie Bloyd's, time spent responding to Plaintiff's motion to compel. Def.'s Mot. Att'y Fees, Ex. 2 at 1. Defendant also seeks recovery of time spent by Jalene Trower, who is a legal assistant at the Cheek & Falcone law firm. *Id.* at 1-2. Mr. Norman's rate was $325 per hour;

5

Ms. Bloyd's rate was $225 per hour; and Ms. Trower's rate was $115 per hour. Def.'s Mot. Att'y Fees, Ex. 1. The Court is familiar with the rates charged by lawyers and staff in the Oklahoma City metropolitan area, and concludes that the rates charged by Mr. Norman and his firm are reasonable.

The Court must scrutinize counsel's billing records to "ensure that the . . . attorneys have exercised 'billing judgment'" by "winnowing the hours actually expended down to the hours reasonably expended." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). The Court must then assess the reasonableness of the billed hours based on the following factors: "(i) whether the task would normally be billed to a paying client; (ii) the amount of time spent on a given task; (iii) the complexity of the task; (iv) the number of reasonable strategies pursued; (v) the responses necessitated by the maneuvering of the other side; and (vi) duplication of services." *Rivera-Cordero v. Mgmt. and Training Corp.*, No. 20-1106 KWR/GBW, 2022 WL 59401, at *2 (D.N.M. Jan. 6, 2022) (citing *Case*, 157 F.3d at 1250).

Having reviewed Defendant's motion, and the exhibits attached thereto, the Court finds that the $4,770.00 requested is reasonable. *See Ace Oilfield Rentals, LLC v. W. Dakota Welding and Fabrication, LLC*, No. CIV-15-672-D, 2021 WL 4471611, at *1 (W.D. Okla. Sept. 29, 2021) (awarding $4,522.93 in attorney fees associated with 20.1 hours spent in responding to a motion to compel and renewed motion to compel). Specifically, the Court notes that only $3,908.00 of the total requested was dedicated to Defendant's response to Plaintiff's motion, which was, as Defendant notes, 15 pages long, "referenced eight (8)

6

previous filings . . . and cut and pasted excerpts from twenty-seven (27) different cases in support of the motion." *See* Def.'s Mot. Att'y Fees, Ex. 1; Def.'s Mot. Att'y Fees at 2. The remaining amount—$862.00—was dedicated to the preparation of the instant motion. *See id.* Fees incurred in preparing both filings are recoverable. *See Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1254 (10th Cir. 1998) ("An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application.") (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986)).

*Conclusion*

For these reasons, Defendant's Motion for Assessment of Attorney's Fees [Doc. No. 264] is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff shall pay $4,770.00 to Defendant by delivery of a check or other appropriate form of payment to Defendant's attorneys within thirty (30) days of this Order. Plaintiff's failure to comply with the 30-day deadline may result in monetary or non-monetary sanctions, to be determined by the Court based on the circumstances of the violation. **Such sanctions may include dismissal with prejudice.** Further, any failure to abide by the requirements of this Order, including disruptive conduct that interferes with the goals of this Order and the conduct of orderly proceedings, may be treated as a contempt of court.

**IT IS SO ORDERED** this 2nd day of November, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge