IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-946-D |
| LEGACY BANK, | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Legacy Bank's Motion to Determine the Sufficiency of Plaintiff's Answers to Requests for Admission [Doc. No. 274]. Plaintiff filed a response [Doc. No. 300], and Defendant replied [Doc. No. 303]. The matter is fully briefed and at issue.

*Background*

This case concerns Defendant Legacy Bank's denial of a loan application submitted by *pro se* Plaintiff Marquise Miller. Plaintiff, an African American pastor in Oklahoma City, applied for an $80,000.00 commercial loan from Defendant to remodel his property located at 2110 N. Lottie Avenue in 2015. Defendant ultimately denied Plaintiff's application based on the "location [of the property], scope of rehabilitation of the property, crime rate in the area, vacancy/abandonment of properties in the surrounding area, and real estate market in the area." Sec. Am. Compl. [Doc. No. 27], ¶ 117. Plaintiff asserts that Defendant denied his loan application because he is African American and because the

property is located in a predominately Black neighborhood. After Defendant denied his loan application, Plaintiff sought and obtained an identical loan from Arvest Bank.

The instant Motion involves a dispute over whether Plaintiff has sufficiently, and in good faith, answered three of Defendant's Requests for Admission ("RFAs" or "RFA"). On April 13, 2023, Defendant served RFAs 13, 14, 15, and 16 on Plaintiff. *See* Def.'s Mot., Ex. 1 [Doc. No. 274-1]. Generally speaking, each RFA asked Plaintiff to admit the genuineness of an attached document pursuant to FED. R. CIV. P. 36. *Id.* On May 13, 2023, Plaintiff served his responses. *See* Def.'s Mot., Ex. 2 [Doc. No. 274-2]. In response to RFA 16, Plaintiff admitted that the pertinent document was a true and correct copy. *Id.* at 3. However, in response to RFAs 13-15, Plaintiff objected on the grounds that each RFA actually contained numerous subparts and therefore constituted more than one request. *Id.* at 2-3. In other words, because the document corresponding to each RFA contained more than one page, Plaintiff argued that he was required to admit or deny the genuineness of each page.

On October 13, 2023, Defendant filed the instant Motion and seeks an order from the Court compelling Plaintiff to, in good faith, respond to RFAs 13-15.

## Discussion

Defendant argues that "[n]o authority supports [Plaintiff's] irrational reading of Rule 36," under which he argues that "separate requests for admission must be submitted for *each page* of a document" that corresponds to an RFA. Def.'s Mot. at 5 (emphasis in original). Defendant further argues that Plaintiff's "objection is ill-conceived, frivolous, and in bad faith." *Id.* at 6.

2

In response, Plaintiff argues that Defendant "ignores the plain language contained in [Rule 36] regarding the word 'document.'" Pl.'s Resp. at 2. Plaintiff further argues that Defendant's Motion "must be denied because district courts make it clear that compound request[s] for admission are improper and prone to objection." *Id.*

FED. R. CIV. P. 36(a)(1)(B) provides that a party "may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . the genuineness of any described documents." Rule 36 further provides that, should a party serve an RFA requesting that the opposing party admit the genuineness of a document, the RFA "must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." FED. R. CIV. P. 36(a)(2).

If the matter at issue in an RFA "is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). And, should the need arise, the "requesting party may move to determine the sufficiency of an answer or objection." FED. R. CIV. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.*

After careful consideration of the parties' positions, the Court finds that Plaintiff's objections are overruled. Plaintiff relies on caselaw standing for the proposition that compound RFAs are improper and objectionable, but neither case is applicable to the issue before the Court. *See* Pl.'s Resp. at 2, 3. The first case, *Leeling v. Walmart, Inc.*, No. 19-cv-

03551-CMA-NRN, 2021 WL 2222718, at *3 (D. Colo. June 2, 2021), involved an objection by the party responding to an RFA, wherein the party asserted generally that "[c]ompound, complex, and vague requests for admission are prone to objection." The court described the party's objection as "absurd," *id.* at *4, but did not comment one way or the other on the purported compound nature of the RFA at issue. The court certainly did not find that an RFA asking a party to admit the genuineness of a multi-page document qualifies as numerous RFAs.

The same is true in Plaintiff's other cited case, *Radian Asset Assurance, Inc. v. Coll. of Christian Brothers of N.M.*, No. CIV 09–0885 JB/DJS, 2010 WL 5173571 (D.N.M. Nov. 11, 2010). There, the court denied the moving party's motion to compel the responding party to amend its response to an RFA "because the request is compound and argumentative." *Id.* at *21. The court did not even set forth or further analyze the RFA at issue, and did not find that an RFA asking a party to admit the genuineness of a multi-page document qualifies as numerous RFAs.

Plaintiff next relies on dictionary definitions of "document" in support of his argument that a "document" can apparently only include one page. *See* Pl.'s Resp. at 4-5. The Court disagrees with Plaintiff's interpretation. A "document"—singular—can have more than one page. The Court very much doubts that the drafters of Rule 36 intended for a responding party to admit the genuineness of every single page contained within a document. Indeed, such a requirement applied in a dispute over a failed merger involving a 200-page purchase agreement, for example, would render Rule 36 unworkable and ineffective.

Plaintiff's interpretation of "compound" is likewise nonsensical. A simple example illustrates this point. Had Defendant served a single RFA and asked Plaintiff to admit the genuineness of all three documents at issue, the RFA likely would have been improperly compound. But Defendant served three discrete RFAs, each asking if a single document is genuine. The at-issue RFAs are not compound.

*Conclusion*

For these reasons, Defendant's Motion to Determine the Sufficiency of Plaintiff's Answers to Requests for Admission [Doc. No. 274] is **GRANTED**. Plaintiff shall fully, and in good faith, amend his responses to Defendant's RFAs 13-15 by **November 27, 2023**. The parties shall bear their own costs and fees in connection with this Motion. However, if the same issues addressed in this Motion are relitigated in future filings, the Court will consider an award of attorney fees and costs, as appropriate, in connection with any such future filing.

**IT IS SO ORDERED** this 9th day of November, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge