IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Case No. CIV-20-946-D |
|  | ) |
| LEGACY BANK, | ) |
|  | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Before the Court is pro se Plaintiff Marquise Miller's Motion to Strike Doc. No. 282 [Doc. No. 294]. Defendant has not filed a response, and its deadline to do so has expired.[1] *See* LCvR7.1(g). Although "[a]ny motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed," the Court declines to do so here. *See id.*

Plaintiff argues that the Court should strike Defendant's response [Doc. No. 282] to his motion to compel [Doc. No. 268]. Pl.'s Mot. at 4-8. Plaintiff claims that, because Defendant did not serve the response on him within 21 days "as required by LCvR 7.1g," the response was untimely.[2] *See id.*

---

[1] The Court speculates that the reason Defendant did not file a response is because, under the title of his Motion, Plaintiff included "**FOR 10TH CIRCUIT COURT OF APPEALS.**" Pl.'s Mot. at 1 (emphasis in original). It is unclear what Plaintiff's intention was in including this language. In any event, Plaintiff filed the Motion in this Court and seeks an order striking another document filed in this Court. The Court, therefore, proceeds to rule on Plaintiff's Motion.

[2] It is also worth noting that the Court has since ruled on Plaintiff's motion to compel. *See* 11/8/2023 Order [Doc. No. 302].

It appears that Plaintiff conflates the *filing* of a document with *service* of a document. LCvR7.1(g) requires that a response to a motion be filed within 21 days "after the date the motion was filed." Typically, the filing of a document also constitutes service, because the Court's Electronic Filing Policies & Procedures Manual requires, with limited exceptions, all papers be filed electronically using the Court's ECF System. However, only those registered with the Court's ECF System may file electronically, and only those attorneys admitted to practice in the Western District of Oklahoma (or others authorized by the Court, such as mediators and attorneys admitted *pro hac vice*) may register for access to the Court's ECF System. Pro se litigants may not file electronically. Here, Plaintiff is pro se, which, in turn, requires Defendant to separately serve documents on Plaintiff after each document is filed electronically, since Plaintiff does not have access to the Court's ECF System.

Plaintiff filed his motion to compel [Doc. No. 268] on October 4, 2023. Defendant filed its response [Doc. No. 282] on October 25, 2023—*i.e.*, 21 days after Plaintiff filed his motion. Defendant's response, therefore, was timely filed under LCvR7.1(g). However, through "inadvertence of counsel's staff," Defendant failed to serve the response on Plaintiff on October 25th. *See* Def.'s Am. Cert. of Service [Doc. No. 285]. Defendant confirmed that a file-stamped copy of its response had been emailed and mailed, first class, to Plaintiff on October 27th. *Id.* The Court declines to strike Defendant's response, as it was timely filed on October 25th, and the failure to serve Plaintiff that same day appears

to have been an honest mistake.[3] Moreover, Plaintiff does not contend that he was never served with Defendant's response. Indeed, it appears that Defendant did serve Plaintiff, as Plaintiff moved to strike the response just days after Defendant filed its Amended Certificate of Service. *Compare* Def.'s Am. Cert. of Service (filed on October 27, 2023), *with* Pl.'s Mot. (filed on November 2, 2023).

In any event, the Federal Rules of Civil Procedure do not permit the Court to strike Defendant's response brief. The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Federal Rules of Civil Procedure go on to define "pleading," but do not include a brief in that definition. *See* FED. R. CIV. P. 7(a). "Accordingly, FED. R. CIV. P. 12(f) is not the appropriate procedural vehicle to address Plaintiff's concerns . . . ." *Miller v. Snider*, No. CIV-22-507-D, 2023 WL 320006, at *1 (W.D. Okla. Jan. 19, 2023); *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed.) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).").

**IT IS THEREFORE ORDERED** that Plaintiff Marquise Miller's Motion to Strike Doc. No. 282 [Doc. No. 294] is **DENIED**.

---

[3] The Court is also unaware of any authority allowing it to strike a filing because it was served two days after it was filed, instead of the day it was filed.

**IT IS SO ORDERED** this 1st day of December, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge